Bernard S. Meyer, J.
This article 78 proceeding is remanded to the Board of Zoning Appeals for further proceedings. According to the petition, petitioners are husband and wife, 58 and 56 respectively, “ semi-retired” and now residing in Far Rockaway. On August 22, 1957, they purchased the land in question in Woodmere for $8,000 under a contract reciting that the premises were subject to zoning restrictions “ which do not prohibit the erection and maintenance of a one or two family dwelling”. The seller had in 1955 obtained a rezoning from Residence “ B ” to Residence “ 0 ”. Residence “ O ” zoning permits one or two-family houses and in February, 1956, the seller was issued a permit to erect a two-family house on the premises. The total area of the plat is 11,558 square feet, but in 1956 the Zoning Ordinance required only 1,500 square feet per family, or a total of 3,000 square feet for a two-family house. On August 13, 1957, nine days before petitioners took title, the ordinance was changed, effective September 9, 1957, to require a minimum of 12,000 square feet for a two-family house. Petitioners had no actual knowledge of the change until their application for a building permit was disapproved on April 10, 1959. Meanwhile, they had contracted for the construction of a $28,000 two-family dwelling. They then applied to the Board of *911 Zoning Appeals for a variance and after a hearing the application was denied in a decision which recited that it was made 1 ‘ after due consideration of all the statements made to the Board, of evidence received and the Board’s inspection of the premises ” and gave as the reason for denial that, “ The applicant has failed to show that the premises cannot be used for a one family dwelling. A grant would be contrary to the spirit and intent of the Ordinance ”. The papers submitted to the board and in this proceeding show that the house proposed to be erected would have the outward appearance of a one-family house, that the premises are adjoined on the west by two apartment houses, one of 18 families, the other of 12, and that on the south side of West Broadway diagonally opposite the premises are two two-family houses, one erected on a plot 5,880 square feet in area and the other 8,100 square feet. It is further stated in the petition, although not in the papers presented to the board, that additional footage cannot be acquired from the owners of land to the east and west. Nothing is said concerning acquisition of such footage from the owners of land to the north.
The application to the board was grounded on unnecessary hardship and the reason given in its decision, as well as the arguments made in its brief, show that the board was applying the rule of Matter of Otto v. Steinhilber (282 N. Y. 71). This was error since what is here involved is not a change in use but in area, and the rule clearly is that, “ A change of area may be granted on the ground of practical difficulties alone, without considering whether or not there is an unnecessary hardship * * * in the absence of statutory provision to the contrary, special hardship need not be established as a condition to granting an area variance ”. (Matter of Village of Bronxville v. Francis, 1 A D 2d 236, 238 affd. with opinion 1 N Y 2d 839; Matter of Gapinski v. Zoning Board of Appeals, 3 A D 2d 976, appeal dismissed on stipulation 3 N Y 2d 920; Siegel v. Lassiter, 6 A D 2d 879.) The statute here involved (Town Law, § 267, subd. 5) is not to the contrary. It is phrased in the disjunctive, referring to “ practical difficulties or unnecessary hardships ”.
No definition of “ practical difficulties ” has been laid down by ordinance, statute, case law or text book, although a zoning board was upheld in granting an area variance because of practical difficulty in Matter of Feldman v. Nassau Shores Estates (12 Misc 2d 607, aff. 7 A D 2d 757) and was ordered to grant such a variance because of practical difficulty in Matter of Gruen v. Simpson (153 N. Y. S. 2d 287, affd. 3 A D 2d 841) and Matter of Stadden v. Macauley (12 Misc 2d 297, affd. 4 A D 2d 704). *912 Clearly, however, a two-family dwelling being a permitted use, the question to be determined is whether ‘ ‘ carrying out the strict letter ” of that provision of the ordinance requiring a 12,000-square-foot area for a two-family house created a practical difficulty that could, consistently with ‘ ‘ the spirit of the ordinance ” and the security of “ public safety and welfare ”, be varied in order that “ substantial justice [be] done ”. (Town Law, § 267, subd. 5.) To that inquiry the question whether the property can be used for a one-family dwelling has only slight, if any, relevance. In its determination the board should consider (1) how substantial the variation is in relation to the requirement, (2) the effect, if the variance is allowed, of the increased population density thus produced on available governmental facilities (fire, water, garbage and the like), (3) whether a substantial change will be produced in the character of the neighborhood or a substantial detriment to adjoining properties created, (4) whether the difficulty can be obviated by some method, feasible for the applicant to pursue, other than a variance, and (5) 'whether in view of the manner in which the difficulty arose and considering all of the above factors the interests of justice will be served by allowing the variance. On all except item “ 4 ” the facts presented in the petition in this proceeding favor the granting of the variance. Since, however, no evidence was presented to the board on item “4”, and since the board’s original consideration of the matter was based on improper criteria, the matter will be remanded to the board for further proceedings. On such remand the attention of the board is directed to the requirement that, since visual inspection was made of the property, its decision set forth the facts ascertained upon such inspection which are relied upon to support the determination (Matter of Gerling v. Board of Zoning Appeals, 6ÁD 2d 247).
Settle order on notice.