Samuel W. Eager, J.
This is an article 78 (Civ. Prac. Act) proceeding to review a determination of the Board of Appeals of the Town of Greenburgh denying petitioner’s application for variance in area and height to permit construction of a 6-story apartment building with a height of 65 feet on a parcel located in a Residential M-3 district, in which apartment buildings are limited to 3 stories with a maximum height of 35 feet. The application for the variance was made pursuant to section 11-b of the Greenburgh Zoning Ordinance and subdivision 5 of section 267 of the Town Law, on the ground of practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the ordinance with respect to said parcel.
Petitioner’s property lies on the east side of East Hartsdale Avenue and on the south side of Rockledge Road in the Town of Greenburgh and is irregular in shape, comprising approximately 1.75 acres. The parcel rises to an elevation of 30 feet above the street level at a depth of 100 feet from Hartsdale Avenue, forming a plateau which inclines to a height of 40 feet above street level at its highest point. The formation of the area is one of almost solid rock.
The Zoning Board, in its decision, recognized that practical difficulties existed by reason of the rocky formation and limited usable area of petitioner’s property. Therefore, it found that the provisions of ‘ ‘ the ordinance as applies to this property are unduly restrictive as to the minimum area per dwelling unit and the maximum land coverage that “ with regard to minimum front, side and rear yard lines, and parking units and recreation area * * * variances would be needed.” The board, however, denied that hardship existed as to the height requirement and it is with this denial and the findings of the board in relation thereto that we are here concerned.
The board’s findings in essence are as follows: (1) That a 6-story building erected on the 30-foot plateau on the subject property would rise 95 feet above Hartsdale Avenue, and thus, 30 feet above those buildings in the 6-story zone whose height is 65 feet above the grade of Hartsdale Avenue; and therefore, a 6-story building would not be in harmony with the ordinance and would be injurious to the neighborhood. (2) That inspec *686 tion revealed that adjacent properties in the same zone were of similar topography and rock formation and were developed with 3-story garden apartments in conformity with the ordinance. (3) That with appropriate area variances the owner could build a 3-story building which would give him a seasonable financial return. (4) That to grant the height variance would be tantamount to a rezoning of a particular parcel and would be violative of the spirit of the town ordinance.
On the basis of the foregoing, the determination of the board seems to be fully justified. And there is nothing in the record to justify the court’s overruling its determination. The petitioner did call an engineer as a witness and he did testify as to relative costs of 3-story and 6-story buildings on the subject parcel, but not on the basis of a 3-story building with proper area variances which the board indicated it would grant. The board was of the opinion that a 3-story building with allowable area variances would be economically feasible, and there is nothing in the record to justify the court’s rejecting this finding. The fact that the owner would get a better financial return with a 6-story building than with a 3-story building is not material.
Finally, it does appear that the action of the board was in keeping with the general intent of the districting, to wit, to limit the height of buildings to 65 feet above the grade of the street as in the M2-6 districts; and, in keeping with this over-all concept, to limit the over-all height of buildings having similar topography as petitioner’s parcel to this 65 feet above street grade. This is accomplished by limiting petitioner to a 35-foot building on the 30-foot elevated plateau of petitioner’s land; and this would put the building at the same elevation as buildings on the other side of the street.
Under all the circumstances, the determination of the board does not appear to be arbitrary or unreasonable, and, therefore, it must stand.
The petition herein and this proceeding is dismissed. No costs. Settle order on notice.