■ In the Matter of THEODORE KARRAS, Appellant, v. WALTER G. MICHAELIS et al., Constituting the Board of Zoning Appeals of the Town of Hempstead, et al., Respondents. — In a proceeding under CPLR, article 78, to review the Town of Hempstead Zoning Board's determination denying an area variance, petitioner appeals from judgments of the Supreme Court, Nassau County, entered on June 4, 1965 and August 16, 1965, which respectively dismissed the petition and upon reargument adhered to the court's original decision. Judgment entered August 16, 1965 reversed on the law and facts, with costs, and matter remitted to the Zoning Board for the granting of a variance in accordance with the memorandum herewith. Appeal from judgment entered June 4, 1965, dismissed without costs; it was superseded by the subsequent judgment granting reargument. Petitioner has sought an area variance for the purpose of permitting the erection of a one-family residence on a substandard plot. The plot is 5,000 square feet and has a frontage of 14.75 feet; the building ordinance requirements call for 6,000 square feet and 40 feet frontage.

The irregularity of the piece was caused essentially by the State's taking of the original plot which was standard and which had a one-family house erected on it. The house was removed and approximately 1,000 square feet were permanently taken for the road use; the State paid $17,000 to the owner (petitioner's vendor). The State also acquired at that time a working easement on the remaining 5,000 square feet; and, when its work was completed, it released that easement and left the petitioner's contract vendor in the posture from which he now seeks to extricate himself; that is, he is the owner of a substandard plot on which he must pay taxes and with respect to which he can do nothing, for his former neighbors have told him they have no use for or interest in it and he himself has moved away. In the main, the variance has been denied because petitioner's contract vendor is said to have partially created the practical difficulty himself. He negotiated the $17,000 settlement with the State in lieu of condemnation. We do not view his action as self-creative of the difficulty. Condemnation was inevitable since his property lay in the path of the proposed road. He had no choice in how the property would be cut up. Moreover, an appraisal had shown the house and land to be worth $19,000 before the State taking. Thus, the $17,000 paid by the State, even though negotiated, was not a full payment. Petitioner is under contract to pay his contract vendor $1,600 for the remaining 5,000 square feet. Thus, the appraised value of the land is approximated by the State payment and the contract price, if paid; the contract is conditioned on a grant of this variance. Under the criteria of *Matter of Wachsberger* v. *Michalis* (19 Misc 2d 909, affd. 18 A D 2d 921) we believe the manner in which this practical difficulty arose and the interests of justice require a grant of the variance. (Cf. *Matter of Hoffman* v. *Harris,* 17 N Y 2d 138, 144.) The board itself noted that it was exercising its discretion in denying the variance with reluctance. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.