Frank A. Ghlotta, J.
This article 78 proceeding seeks a direction to the respondent Board of Appeals to grant a variance and issue a building permit for a four-family multiple dwelling.
I find no merit to the application. Basically, it is grounded on the erroneous assumption that because the property is oddly shaped (it is triangular), petitioner is entitled as a matter of right to use it for any uses specified in the ordinance and to a variance to make that possible, no matter how extreme it may be. In my opinion, this is a misconception of how the word any is construed in applicable case law. It has the affirmative right to any use in the sense of every use when it can do so in conformity with the many restrictions which are found in all ordinances, e.g., parking, frontage, set backs, population density, etc. The term any is also used in a negative sense to describe a situation which may not constitutionally be imposed. An owner may not be deprived of all use of his land by an ordinance under which there is not any use to which he can put it, i.e., a single use of any kind.
In between these two extremes are the many cases where an Appeals Board is empowered to act to give relief from practical difficulty or unnecessary hardship or both, as the case may be. There the test is not the constitutional test. The ground rules are set forth in Matter of Wachsberger v. Michalis (19 Misc 2d 909) and include: How substantial is the variance sought; what other avenues are open to petitioner; etc. 1
Here we find that the property is situated in a C-l zone where there are 25 absolutely permitted uses and 7 conditionally permitted uses. In addition, there are 15 other uses from R-l, R-2 and R-A zones which are adopted by reference as permitted *821 uses. In fact, it is an R-A use which petitioner seeks to have allowed here.
The record is barren of any competent proof to the effect that the property could not be used for any of the permitted uses without a variance. It consists of nothing but the unsworn statement of counsel which, incidentally, mentions a feasible use of the property for a motel (one of the permitted uses), but discards this as not being the most appropriate and best use.
The area of petitioner’s plot is 5,650 square feet. A four-family dwelling requires a minimum of 8,000 square feet. In fact, petitioner does not have enough area for a two-family dwelling (to wit: 6,000 sq. ft.). It also needs front, side and rear yard variances. These latter might very well be related to the shape of the plot in a proper case, but its present difficulty does not arise from the shape of the plot. It arises from its attempt to overutilize it. It would have the same difficulty if the plot were a perfect rectangle. The application is denied.