Robert O. Brink, J.
The petitioner has applied to this court in a CPLR article 78 proceeding to reverse a decision of the Zoning Board of Appeals of the Town of Dickinson, Broome County, New York, whereby they refused to grant petitioner an area variance to a Zoning Ordinance limiting structures to a height of 2% stories and 35 feet. The petitioner, a religious corporation, had applied for a variance which would allow it to construct an apartment home for the aged to a height of 4 stories and 50 feet.
The petitioner is the owner of an irregularly shaped parcel of land containing approximately 4% acres, on the westerly side of Front Street near the intersection of Orchard Road, in the Town of Dickinson, a short distance northerly from the Binghamton city line. In 1963, the petitioning corporation erected a home for the aged on the property which became known as Elizabeth Church Manor. An addition was put on the original building on the property which had formerly been occupied as a residence by a prominent citizen of the locality. At the present time, the facility has a capacity for 91 residents. The rooms and apartments in the building are occupied by single aged persons and married aged couples. An infirmary, dining, worship *185 and recreation facilities on the property are available to the occupants.
By reason of a large waiting list, petitioner planned to increase its facilities by building a structure to contain 16 small apartments, to meet the needs of the people between the ages of 65 and 80. The proposed building is to be 4 stories, approximately 45 to 50 feet in height.
After petitioner had made its application, the proposed variance was denied by the Zoning Board of Appeals. Thereafter, the petitioner commenced a proceeding pursuant to section 267 of the Town Law and' CPLB article 78, for a review of the determination of the Zoning Board of Appeals. An order was made by the Honorable Dahtel J. McAvoy, a Justice of the Supreme Court, on October 18, 1968, reversing the decision of the Zoning Board of Appeals and remanding the matter to the Zoning Board of Appeals to hold a proper hearing as to whether or not practical difficulties existed insofar as petitioner’s property is concerned.
On January 8,1969 a public hearing was held in the Town of Dickinson; the transcript of the minutes of the hearing was furnished and the matter presented to the undersigned Justice at a Special Term. The undersigned Justice reversed the decision of the Zoning Board of Appeals and remanded the matter for a forms! hearing at which sworn testimony was to be presented on t . particular issue submitted by Justice McAvoy. At the origL J hearing, no sworn testimony was presented, and it was the feeling of this court that a proper record was not available on which to determine the particular issue involved. A subsequent hearing was held on July 28, 1969, at which time witnesses were sworn and examined in behalf of the petitioner. Public notice was given of the second hearing but no sworn testimony was presented in opposition to petitioner’s application, although some of the adjoining residents who opposed the issuance of the variance, appeared and participated in the hearing. The board subsequently made specific findings and again rendered a decision denying petitioner’s application. The petitioner has again applied to this court on the transcripts of both proceedings and its moving papers, seeking the relief which it originally applied for; namely, a variance to permit the construction of the proposed building.
Under section 267 of the Town Law and the case law of the State, the test as to whether or not the Zoning Board of Appeals should consider an area variance depends on whether or not there are practical difficulties in the way of complying with the *186 strict letter of the Zoning Ordinance. (Matter of Village of Bronxville v. Francis, 1 A D 2d 236, affd. 1 N Y 2d 839; Matter of Hartsdale Sta. Shopping Center v. Liberman, 25 Misc 2d 684, revd. 11 A D 2d 1073 [2d Dept., 1960]; Matter of Wachsberger v. Michalis, 19 Misc 2d 909 [1959].)
Petitioner has set forth several reasons pointing to the difficulty of carrying out the proposed project with a 2-story building. Wayne E. Edwards, a general contractor, testified that the savings realized by erecting a 4-story building rather than a 2-story building, would be substantial. While additional expense is not a conclusive factor, in this period of high inflation and high interest, increased cost of construction can become a real practical difficulty.
Another witness, Clifford Whitman, an expert on housing for the elderly, stressed the psychological benefit to elderly residents derived from an open setting, which would be one of the advantages of the proposed structure.
There was further testimony that a horizontal expansion of the structure would sharply reduce, if not eliminate, the park area which the, residents utilized for recreation and would require the relocation of either the main access road to the present facility or to the principal parking area. Such expansion1 could also require relocation of the present sewage facilities.
There is no argument concerning the need f' additional facilities such as the type proposed. The housing of the elderly, with the increased span of life, is becoming an accelerated problem and, in many instances, religious corporations are assuming a ■ large share of the responsibility for this type of accommodation.
In a letter from the Broome County Commissioner of Planning to the Chairman of the Zoning Board of Appeals relative to the petitioner’s application, the Planning Commissioner stated that it was the opinion of his department that the proposal, if adopted, would impose no detrimental impact on the county, the State highways or nearby properties. The Commissioner further emphasized the need for this type of facility, and, with this in mind, he recommended the approval of the application. Maps and photographs have been submitted which establish the character and use of the property in the general area. Within the immediate vicinity are located Broome Technical Community College, the Broome County Jail Farm, and the 4-H Center. Although there are very few private homes in the vicinity, the general area can be characterized as a hybrid *187 of governmental, commercial and residential buildings. In fact, a short distance to the north of petitioner’s property on Front Street, there are retail commercial establishments.
The petitioner also produced a letter from an appraiser who stated in his opinion, the proposed structure would not affect the valuation of the residential properties in the vicinity. This was objected to at the hearing by the Town Attorney inasmuch as there was no opportunity for cross-examination, and I believe his point is well taken, and this document is not considered as evidence by this court. However, this court cannot be unmindful of the fact that no evidence was presented to establish that the proposed structure would affect the market value of the homes in the vicinity. There is nothing about a 4-story building in proper surroundings which per se is aesthetically objectionable. There are many public buildings in the immediate vicinity. It seems just plain common sense that the proposed structure would not affect the valuation of the residential properties.
It is urged that such a variance would set a bad precedent. However, each application for a variance must be considered on its own merits. This is an unusual situation which will not, in all probability, arise again with respect to other properties in the same vicinity. Consequently, there is no danger of setting a precedent.
Respondents argue that when the petitioner acquired the property, the difficulty was one of the applicant’s own making because it should have been aware of the restrictions imposed. Although this sometimes is a factor, it is not conclusive. There is no evidence that when the property was purchased in 1963, the plan to erect an additional structure was contemplated. Even if it were, this argument should be given little weight. (Matter of Ozolins v. Horn, 26 A D 2d 555 [1966].)
Under all of the circumstances, and particularly in view of the fact the public is benefited, the property owners in the area are not injured, and there are practical hardships involved facing this petitioner in attempting to comply with the Zoning Ordinance, it is the opinion of this court that the Zoning Board of Appeals acted in an arbitrary manner; that there has been an abuse of discretion; that the findings and order of the Zoning Board of Appeals should be reversed, and petitioners entitled to an order directing the Zoning Board of Appeals of the Town of Dickinson, Broome County, New York, to grant the variance which petitioner has applied for.