Sherwood R. VOLKMAN, and Edna M. Volkman, Plaintiffs-Appellants,

v.

CITY OF KIRKWOOD, and Board of Adjustment of Kirkwood, et al., Defendants-Respondents.

No. 42528.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 25, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 16, 1981.

Sherwood R. Volkman, pro se.

John M. Hessel, St. Louis, for defendants-respondents.

STEWART, Judge.

Plaintiffs are husband and wife and the owners of residential property on Iris Lane in the City of Kirkwood. On appeal they challenge the judgment of the trial court affirming the decision of the Board of Adjustment of the City of Kirkwood (Board) that denied their request for a variance from the zoning ordinance that requires a thirty-five foot set back for structures built upon residential lots.[1] For reversal they urge that the trial court erred in failing to reverse the decision of the Board because the Board's decision was not supported by the evidence, was arbitrary, capricious and constituted an abuse of discretion. They also contend that Art. XVI, § 3(b) of the Kirkwood Zoning Code is unconstitutional.

We are limited in our review to a determination of whether the decision of the Board was authorized by law and supported by substantial evidence upon the whole record. We may not substitute our judgment for that of the Board if its decision meets the above criteria. *State ex rel. Ellis v. Liddle*, 520 S.W.2d 644, 646 (Mo. App. 1975). In determining whether there is substantial evidence to support the decision of the Board we view the evidence in the light most favorable to the findings of the Board giving it the benefit of reasonable inferences that may be drawn from the

1. The proceedings in this case were commenced in 1972. After a Petition for Certiorari had been filed in the circuit court it was learned that the court reporter's notes with respect to the hearing before the Board of Adjustment had been lost. It was then agreed by the parties that plaintiffs would file a new application for variance before the current Board. This appeal originates with the second hearing for variance before the Board of Adjustment.

record. *Murphy v. Board of Zoning Adjustment of the City of Kansas City*, 593 S.W.2d 549 (Mo.App. 1979).

The events that form the basis of these proceedings commenced in 1972 when plaintiffs undertook to have an addition built to their residence. Plaintiffs hired a general contractor to implement their plans to add several rooms to the house, erecting a porch to the rear and a carport in the front of the house. The carport as planned violated the set back by thirteen feet on one side and eleven feet on the other side. Plaintiffs commenced construction without obtaining a building permit. By the time the carport was partially erected, Mr. McFessell, the Building Commissioner, became aware of the project and the City halted construction. Plaintiffs then applied for a variance of the set back line. The Building Commissioner denied the variance and on appeal the Board denied the variance.

Plaintiffs sought the variance under Art. XVI, § 3(b) of the Kirkwood Zoning Code which empowers the Board to authorize a "variation" from the strict application of the code to relieve "peculiar and exceptional difficulties or exceptions and undue hardship" upon the property owners.[2]

The undue hardship of which plaintiffs complain as set out in their brief is "a replacement of an original carport built in 1952, which, because there is a steep slope of 10′ from Iris Lane to the back of plaintiffs-appellants' home, makes it impractical to build a carport down the hill. To do so would mean that during winter months plaintiffs-appellants' automobile would have to remain on the street of Iris Lane

... like other Iris Lane residents . . . ." In their application for variance plaintiffs stated "[w]hen ice and snow storms occur in the Kirkwood area the car would have to remain on Iris Lane. All cars of residents from Lots 15 through 21 on the east side park on the street during snow and ice storms." The testimony of witnesses for plaintiffs was that all of the residents of Iris Lane had difficulty getting out of their property when there is ice and snow and were forced to park their cars on Iris Lane. Occasionally people have to park on the street in inclement weather. On those occasions there would be cars parked up and down Iris Lane on both sides of the street.

The Board found that the granting of a variance in this case would constitute a change in the district map, would impair an adequate supply of light and air to the adjacent property and would diminish the established property values within the surrounding areas. It further found that plaintiffs had not proven that the failure to grant a variance would be a hardship on plaintiffs.

The principal issue in this case is whether enforcement of the thirty-five foot set back provision of the code would constitute "practical difficulties or undue hardship" upon plaintiffs. This is essentially the criterion found in § 89.090.1(3) RSMo 1978,[3] the statute that authorizes the Board of Adjustment to grant a variance and in Art. XVI § 3(b) of the City's zoning code. The variation in language is not significant to our determination.

**2.** Section 3(b) reads as follows: "When, by reason of exceptional narrowness, shallowness, or shope [sic] of a specific piece of property at the time of the adoption of this Ordinance, or by reason of exceptional topographical conditions or other extraordinary or exceptional situation or condition of a specific piece of property, which condition is not generally prevalent in the neighborhood, the strict application of the area regulations of the Ordinance would result in peculiar and exceptional practical difficulties or exceptional and undue hardship upon the owner of such property, the Board is hereby empowered to authorize upon an appeal relating to such property, a variation from such strict application so as to relieve such difficulty or hardship."

**3.** Section 89.090.1(3) RSMo 1978 reads: "In passing upon appeals, where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of such ordinance, to vary or modify the application of any of the regulations or provisions of such ordinance relating to the use, construction or alteration of buildings or structures or the use of land so that the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done."

The position of plaintiffs' carport as planned is in violation of the set back line of the code. The burden of proving that plaintiffs would suffer practical difficulty or unnecessary (or undue) hardship is upon plaintiffs. *Brown v. Beuc*, 384 S.W.2d 845 (Mo.App. 1964). There is no specific definition of the term "practical difficulty or necessary (undue) hardship." Whether they exist in a particular case is a question of fact as to which the Board is given discretion to be exercised within the guidelines of the zoning legislation. *Rosedale-Skinker Improvement Ass'n v. Board of Adjustment*, 425 S.W.2d 929, 933 (Mo. 1968). "[T]he power to grant a variance must be exercised sparingly and in keeping with the spirit of the zoning plan and the public welfare." *Id.* at 936. It is generally held that before a variance will issue the condition of practical difficulty or unnecessary hardship must be due to circumstances unique to that property and not to general conditions in the neighborhood. *Brown v. Beuc, supra* at 852.

In the case at bar plaintiffs' complaint is that they would be required to park their car on the street during exceptionally bad winter weather if they could not build the carport as planned. As shown by plaintiffs' evidence, this is not a condition unique to their property but a condition that exists all along Iris Lane. At most, the condition of which plaintiffs complain can be called an occasional inconvenience. Legislation granting relief by way of variance to zoning codes is not intended to relieve mere inconvenience. The trial court did not err in affirming the decision of the Board. *Brown v. Beuc, supra.*

Plaintiffs' remaining point reads as follows:

"The circuit court erred in overruling Count II for the reason that Art. XVI, Sec. 3(b) of Kirkwood Ordinance 5085 is unconstitutional in that such section is vague, and does not comply with Sec. 89.090 (3) of Mo. St. 1978."

Plaintiffs do not tell us in the point or in the argument what provisions of the constitution were violated. They argue that the code "does not comply with the State Statute in that the Ordinance is too restrictive and is vague." It goes on to say where the condition is not generally prevalent in the neighborhood the Board is authorized to grant a variance. But the State Statute *does not* require the condition to be generally prevalent in the neighborhood.

"The Board, and the Circuit Court in affirming the Board, held the plaintiffs-appellants to a requirement above and beyond any requirement laid down by Sec. 89.090 RS Mo. 1978."

The provision of the code of which plaintiffs complain merely tracks the law of this state that requires that the condition from which the owner seeks a variance be unique and peculiar to that owner's property and not prevalent in the neighborhood. *Brown v. Beuc, supra.* Also see *Rosedale-Skinker Improvement Ass'n v. Board of Adjustment, supra.* We find no merit in this point as raised.

The judgment of the trial court is affirmed.

STEPHAN, P. J., and DOWD, J., concur.