Donald SLATE and Lynn Robertson,
Petitioners–Appellants,

v.

BOONE COUNTY BOARD OF ADJUST-
MENT, Respondent–Respondent,

and

Stan Shawver, Intervenor–Respondent.

No. WD 43616.

Missouri Court of Appeals,
Western District.

May 28, 1991.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
June 27, 1991.

Cullen Cline, Elizabeth E. Parrigin, Columbia, for petitioners-appellants.

Joe L. Moseley, Pros. Atty., John L. Patton, Asst. Pros. Atty., Columbia, for respondent-respondent.

Before TURNAGE, J., LOWENSTEIN and BRECKENRIDGE, JJ.

LOWENSTEIN, Judge.

This appeal concerns whether the Boone County Board of Adjustment properly refused to issue a zoning variance to appellants who built a structure to store used automobile parts. The Board determined that the structure expanded the permissible use of petitioner's property, which had been grandfathered in as a non-conforming use in 1973, when planning and zoning ordinances were adopted by Boone County.

The appellants Donald Slate and Lynn Robertson own A–1 Auto Recyclers, a salvage yard and used automobile parts business, located in the county outside the Columbia city limits. The respondent is the Boone County Board of Adjustment. Stan Shawver, in his official capacity as Boone County Planner, intervened.

After the 1973 enactment planning and zoning regulations, the property was zoned R–S, residential single family. When these regulations were enacted, an auto salvage business was located on the subject property. The zoning ordinances permitted existing land uses to continue as non-conforming uses. A non-conforming use is a lawful use existing at the time a zoning ordinance prohibiting or restricting the prior use is enacted or amended, *One Hundred Two Glenstone, Inc. v. Board of Adjustment of City of Springfield*, 572 S.W.2d 891 (Mo.App.1978). Appellants bought the auto salvage business in 1980 and since then have continually used the property as an auto salvage business.

In 1985, appellants built a storage structure composed of a concrete slab with steel shelves and a metal roof. The building was used to store auto parts in an organized inventory system and also to protect them from exposure. In June 1985, Stan Shawver, the Boone County Planner, notified appellants in writing that the structure violated zoning regulations because the zoning ordinances did not permit the construction of additional buildings on property used for a non-conforming use.

The appellants appealed Shawver's action to the Boone County Board of Adjustment and asked for a reversal because the property's use had not changed, the structure was not a "building" as defined by the regulations, and the storage racks were incidental to the permitted non-conforming use. Alternatively, the appellants requested a variance because of undue hardship and an absence of harm to the public.

The Board addressed appellants' cause at public meetings in September and December 1987. Three affirmative votes were required for appellants to prevail. All five Board members were present, but one disqualified himself because of a conflict of interest. The bylaws did not provide for a substitute board member or a continuance. Appellants objected because they would have to garner three affirmative votes of four possible votes rather than three of five.

The Board issued findings of facts and conclusions of law at another meeting in December 1987. By votes of two "yes," two "no" and one abstention, the Board found against appellants on the issue of whether the structure was incidental to the permitted non-conforming use. By votes of one "yes," three "no," and one abstention, the Board found against appellants on the issue of whether a variance would be granted.

Appellants appealed to the circuit court, alleging that the Board's acts were illegal because appellants were required to secure three affirmative votes of the four voting members in violation of their right to equal protection and due process of law. The court permitted the Boone County Planner to intervene. Shawver counterclaimed for a permanent injunction requiring appellants to remove the structure, an injunction prohibiting future construction except as provided by law, and an injunction requiring appellants to remove a mobile home from the subject property.

The trial court affirmed the Board's decisions and entered an injunction requiring appellants to remove the structure's roof. The court denied Shawver's request for an injunction requiring appellants to remove their mobile home. This appeal followed.

For its first point on appeal, appellants allege the trial court erred in affirming the Board's decision because there was no evidence that the structure in question expanded, extended or enlarged the non-conforming use or was in derogation of the non-conforming use making the Board's decision capricious, arbitrary, and unreasonable. The standard of review in this case is that the Board's decision in denying the variance will be affirmed if it was authorized by law and if the decision is supported by competent and substantial evidence upon the whole record. *Holly Inv. Co. v. Board of Zoning Adjustment*, 771 S.W.2d 949, 951 (Mo.App.1989); Mo. Const. art. V, § 18. This court will view the evidence in a light most favorable to the findings. *Id.*

The Board made the following findings: that the addition of the structure constitut-ed an extension or enlargement of the permitted non-conforming use; that there was no evidence of extraordinary or exceptional circumstances necessitating the structure; that there was no evidence that a denial of the variance would create peculiar or exceptional difficulties or cause undue hardship; that removal of the structure would neither deprive appellants of the beneficial use of their property nor constitute an unreasonable deprivation of the property's use.

■ Appellants contended their structure was not a building. The court disagrees. Section 2 of the Boone County Zoning Regulations defines "building" as any structure having a roof supported by columns or walls for the shelter or enclosure of persons or property. Appellants' structure was a concrete slab with vertical steel supports and horizontal steel shelving under a roof of wood rafters and metal sheets. It was built to store auto parts. It is a building within the meaning of the Boone County Zoning Regulations.

■ Section 8 of the Boone County Zoning Regulations provides that "the non-conforming use of land shall not be extended or enlarged either on the same or adjoining property." Even though the regulations do not expressly prohibit the construction of additional buildings on property used for non-conforming uses, new construction may be considered an enlargement or expansion.

■ The Board concluded that appellants sought a use variance, but in reality the appellants sought a non-use or area variance. A variance is a sort of escape latch for landowners who would suffer a special hardship from a literal application of a zoning ordinance, and should be exercised sparingly. A "use variance" permits a use that the zoning ordinance prohibits. *Matthew v. Smith*, 707 S.W.2d 411, 413 (Mo. banc 1986), quoting A. Rathkopf, 3 The Law of Zoning and Planning § 38 (1979). A non-use variance "authorizes deviations from restrictions which relate to a permitted use, rather than limitations on the use itself ..." *Matthew v. Smith*, 707

S.W.2d at 413, citing A. Rathkopf, *supra*, § 38.01. Appellants' use of their property as an auto salvage business was a permitted use because it qualified as a legal non-conforming use when Boone County passed its zoning regulations in 1973. Non-use variances typically allow deviations from bulk restrictions, such as area, height, density, setback, and side line restrictions, and other restrictions covering miscellaneous subjects, including the right to *enlarge or alter non-conforming uses. Id.* (Emphasis added.)

The Board's authority to grant a variance is based on "peculiar and exceptional difficulties to or exceptional and demonstrable undue hardship" upon the property owner. Section 15(B)(4)(c) Boone County Zoning Ordinances; § 64.660.1(3) RSMo 1986. A survey of Missouri law reveals no specific definition of "peculiar and exceptional difficulties" or "exceptional and demonstrable undue hardship." Several cases, however, discuss what constitutes "unnecessary hardship" as used in § 89.090, RSMo 1986, the statute giving a *municipality's,* rather than a *county's,* Board of Adjustment the power to grant a variance. This court will use the cases construing § 89.090 as a guide here.

■ Missouri follows the New York model rather than the Standard Zoning Act in treating the distinction between use and non-use variances. *Matthew v. Smith,* 707 S.W.2d at 416. An applicant for a use variance must prove "unnecessary hardship" and an applicant for a non-use variance must prove only "practical difficulties." *See Matthew v. Smith,* 707 S.W.2d at 416 and at 416 n. 6; *Holly Inv. Co. v. Board of Zoning Adj.,* 771 S.W.2d at 951. "Practical difficulty" is a slightly less rigorous standard than "unnecessary hardship." *Matthew v. Smith,* 707 S.W.2d at 416.[1]

■ Missouri case law reveals no precise definition of "practical difficulties." At the very least, a non-use variance applicant must show that as a practical matter the property cannot be used for a permitted use *without* coming into conflict with certain of the ordinance's restrictions. A. Rathkopf, *supra,* § 38.04 (Release # 27, 2/88). *Fuhst v. Foley,* 45 N.Y.2d 441, 410 N.Y.S.2d 56, 58, 382 N.E.2d 756, 757–58 (1978), emphasis added.

The Board should consider the following criteria:

(1) how substantial the variation is in relation to the requirement, (2) the effect, if the variance is allowed, of the increased population density thus produced on available governmental facilities (fire, water, garbage and the like), (3) whether a substantial change will be produced in the character of the neighborhood or a substantial detriment to adjoining properties created, (4) whether the difficulty can be obviated by some method, feasible for the applicant to pursue, other than a variance, and (5) whether in view of the manner in which the difficulty arose and considering all of the above factors the interests of justice will be served by allowing the variance.

*Wachsberger v. Michalis,* 19 Misc.2d 909, 191 N.Y.S.2d 621, 624, *aff'd,* 18 A.D.2d 921, 238 N.Y.S.2d 309 (1959).

■ Appellants have failed to show that the property cannot be used for the permitted non-conforming use as an auto salvage business without violating the ordinance prohibiting expansion or enlargement of their non-conforming use. They merely showed that the building increased the efficiency of their business and, according to some, improved the business' appearance. This showing falls short of "practical difficulty." Furthermore, the record shows that the testimony at the hearing addressed the criteria set out above. The court did not err in denying appellants' application whether characterized as a use or a non-use variance.

For their second point on appeal, appellants allege the trial court erred in granting the Boone County Planner's counter-

---

**1.** Some states do not differentiate between "undue or unnecessary hardships" and "practical difficulties." *See; e.g. 165 Augusta St. v. Collins,* 9 N.J. 259, 87 A.2d 889 (1952); *Celentano, Inc. v. Board of Zoning Appeals,* 149 Conn. 671, 184 A.2d 49 (1962).

claim for an injunction requiring appellant to remove the building's roof because the issue was not considered by the Board and Missouri law states that the trial court may not consider new matters in its review of the Board's acts.

■ Section 64.660.2, RSMo states that when the circuit court reviews a Board's decision through a writ of certiorari, the court "may reverse or affirm or may modify the decision brought up for review." This court does not decide whether the grant of an injunction to remove the structure's roof was a proper "modification" of the Board's decision. Rather, appellants failed to object at trial to the consideration of the injunction and have preserved nothing for review. *Kolocotronis v. Ritterbusch*, 667 S.W.2d 430, 434 (Mo.App.1984). The second point is denied.

■ In the last point the appellants allege the trial court erred in affirming the Board's decision because the Board's bylaws required three affirmative votes to approve appellant's application for a variance even when a board member abstains from voting because of a conflict of interest. Appellants contend that the application of the bylaws violates their right to due process and equal protection, making the bylaws illegal. Here one of the five was recused. Four voted—the result was two for the appeal and two to sustain the denial, so the appeal failed.

The enabling legislation for the Boone County Board of Adjustment is § 64.660. This section provides that the county commission has the power to appoint the Board members, to remove them for cause and to fill vacancies. Section 64.660.1, RSMo (1986). Section 64.660 does not provide for a substitute member to fill a temporary vacancy created when a member recuses himself. The Board must consist of "five freeholders" who "... shall adopt rules of procedure consistent with the provisions of the zoning regulations and the provisions of sections 64.510 to 64.690." Section 64.-660.1, RSMo (1986). Sections 64.510 to 64.-690 provide planning and zoning laws for second and third class counties.

The Board's bylaws provide that the Board "shall have no right to remove or replace its members." Boone County Board of Adjustment Bylaws, § 2C, February 1987. The bylaws do not provide for a temporary replacement for a member who recuses himself. This provision is procedurally consistent with § 64.660, which also does not provide for a temporary replacement.

The Board's bylaws require three affirmative votes to grant a variance. Boone County Board of Adjustment Bylaws, § 8G, February, 1987. Section 1.050, RSMo (1986) provides that when joint authority is given to three or more persons, then it "shall be construed as authority to a majority of the persons, unless otherwise declared in the law giving the authority." Neither the enabling statute nor the Board's bylaws contradict the principle that a majority of the Board may act for the Board. Under § 1.050, the requirement of three affirmative votes for the grant of a variance was proper even though one member disqualified himself. Furthermore, appellants have failed to show that their rights to due process and equal protection have been abused. Appellants' third point is denied.

The judgment is affirmed.