E. Alleen HUTCHENS, Plaintiff–
Appellant,

v.

ST. LOUIS COUNTY, et al., Defendants–
Respondents.

No. 62448.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 2, 1993.

Alan Agathen, Boisaubin & Agathen, Clayton, for plaintiff-appellant.

John A. Ross, County Counselor, Paula J. Lemerman; Asst. County Counselor, Clayton, for defendants-respondents.

CRANDALL, Presiding Judge.

Petitioner, E. Alleen Hutchens (petitioner), appeals from a final judgment of the circuit court that affirmed the decision of the St. Louis County Board of Zoning Adjustment (Board) denying her petition for a setback variance. The judgment of the circuit court is affirmed.

We review the findings and conclusions of the Board, rather than that of the circuit court. *Village of Westwood v. Board of Adjustment of the Municipality of Creve Coeur,* 811 S.W.2d 437, 440 (Mo. App.1991). We limit our inquiry " 'to a determination whether the Board's action is supported by competent and substantial evidence upon the whole record or whether it is arbitrary, capricious, unreasonable, unlawful, or in excess of its jurisdiction.' " *Rice v. Board of Adjustment of the Village of Bel–Ridge,* 804 S.W.2d 821, 822 (Mo.App.1991) (*quoting Cunningham v. Board of Aldermen of the City of Overland,* 691 S.W.2d 464, 466 (Mo.App.1985)). Only where the Board exceeds its authority should the court on review hold the Board's ruling to be illegal and void. *See Wehrle v. Cassor,* 708 S.W.2d 788, 791 (Mo.App.1986).

Petitioner resides in Glasgow Village in St. Louis County. Sometime during 1986 petitioner contracted for the construction of a carport, to be built over an existing driveway at a cost of $8,300.00. No building permit was obtained for the construction. As completed, the carport stood six inches from the sideyard property line. In 1987, due to the location of the carport,

petitioner was advised that she was in violation of zoning regulations under the St. Louis County Code (Code).

Later petitioner sought a building permit for the already constructed carport. After denial of the permit, petitioner appealed to the Board, seeking a setback variance. At the hearing it was undisputed that the carport was subject to a six-foot setback.

In seeking the variance, petitioner claimed that it would cost approximately $5,000.00 to tear down the structure. Petitioner also wanted to maintain the carport so she would not have to contend with scraping ice off the windshield of her car in the winter. Petitioner testified further that the land behind the carport drops off six to seven feet, and that an easement runs across the level portion of the backyard. The only viable location for a carport, other than where it currently stands, would be to use the covered patio behind petitioner's house, next to the present carport, which would, according to petitioner, require destruction of her black walnut trees. Petitioner's neighbor on the side adjacent to the carport, a Mr. Hubert, testified before the Board to the effect that the carport infringed upon the use of his land by blocking sunlight necessary to sustain his rose garden.

The Board denied the request for a variance, concluding that petitioner failed "to establish a hardship upon which a variance request would be necessitated ...," and that the encroachment on the usefulness and enjoyment of her neighbor's property "far outweigh[ed] the usefulness and the purpose of the carport." In reaching its decision, the Board expressly rejected consideration of any evidence of financial hardship.

Petitioner raises two points on appeal. First, she contends that denial of the variance is arbitrary and capricious because of the Board's failure to consider evidence of financial hardship, and secondly, that the Board erroneously denied the variance because "factors militating in favor of the structure and the topographical and practical necessity of placing the structure in the present location" far outweigh the detriment caused by the carport as is.

The ordinance at issue is Code § 1003.-119, pertaining to " 'R–5' Residence District Regulations." *See Casper v. Hetlage*, 359 S.W.2d 781, 789 (Mo.1962). Subsection 7(2)(b) provides as follows:

Sideyard: *No structure* except single-family attached dwellings and detached garages accessory to unattached single-family dwellings *shall be allowed within six (6) feet of any side property line.* Unattached sides of single-family attached dwellings shall be a minimum of six (6) feet from any side property line. Detached garages accessory to unattached single-family dwellings shall be a minimum of three (3) feet from any side property line.

(Emphasis added).

Code § 1004.070(5) authorizes the Board to grant a variance to a sideyard setback where there are practical difficulties or unnecessary hardships in the carrying out of these provisions due to an irregular shape of the lot, topographical or other conditions, provided such variance will not seriously affect any adjoining property or the general welfare....[1]

---

**1.** The Board based its decision denying the petition for a variance on Chapter 89 of the Missouri Revised Statutes (1986). Although not specifying which section authorized the grant of a variance, § 89.090.1(3) so provides, as follows in pertinent part:

      \*      \*      \*      \*      \*      \*

In passing upon appeals [the board of adjustment shall have the power], where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of such ordinance, to vary or modify the application of any of the regulations or provisions of such ordinance relating to the use,

construction or alteration of buildings or structures or the use of land so that the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done.

Section 89.090.1(3) is applicable to cities, towns, and villages; Code § 1004.070(5) applies to St. Louis County. *See* Mo. Const. Art. VI, § 18(c). *See also, Casper*, 359 S.W.2d at 789. Reliance upon the wrong law does not render the Board's decision invalid, however, as both the ordinance and statute have been similarly construed. *Compare Conner v. Herd*, 452 S.W.2d 272, 276

■ The variance sought by petitioner is of a "non-use" or "area" type, which entails " 'deviations from restrictions which relate to a permitted use, rather than limitations on the use itself ...' " *Slate v. Boone County Board of Adjustment*, 810 S.W.2d 361, 363 (Mo.App.1991) (*quoting Matthew v. Smith*, 707 S.W.2d 411, 413 (Mo. banc 1986)). Petitioner must establish, *inter alia*, "practical difficulties" with complying with the strict letter of the ordinance, a slightly less rigorous standard than "unnecessary hardship" as required for "use" variances. *Matthew*, 707 S.W.2d at 416.

■ Practical difficulties, although not defined, refers to conditions of the land in question, and not conditions personal to the owner of the land. *Behrens v. Ebenrech*, 784 S.W.2d 827, 829 (Mo.App.1990). Relevant factors include:

'(1) how substantial the variation is in relation to the requirement, (2) the effect, if the variance is allowed, of the increased population density thus produced on available governmental facilities (fire, water, garbage and the like), (3) whether a substantial change will be produced in the character of the neighborhood or a substantial detriment to adjoining properties created, (4) whether the difficulty can be obviated by some method, feasible for the applicant to pursue, other than a variance, and (5) whether in view of the manner in which the difficulty arose and considering all of the above factors the interests of justice will be served by allowing the variance.'

*Slate*, 810 S.W.2d at 364 (*quoting Wachsberger v. Michalis*, 19 Misc.2d 909, 191 N.Y.S.2d 621, 624 (N.Y.Sup.Ct.1959), *aff'd* 18 A.D.2d 921, 238 N.Y.S.2d 309 (N.Y.Sup. Ct.1963)). The determination of whether there exists practical difficulties warranting a variance in any particular case is a factual matter for the Board's resolution, reversible only for abuse of discretion. *Rosedale–Skinker Improvement Assn. v. Board of Adjustment of the City of St. Louis*, 425 S.W.2d 929, 933 (Mo. banc 1968); (Mo.App.1970) *with Ogawa v. City of Des Peres*,

*Volkman v. City of Kirkwood*, 624 S.W.2d 58, 61 (Mo.App.1981).

■ The zoning powers vested in charter counties such as St. Louis County by the Missouri Constitution, Art. VI, § 18(c), are designed to promote public safety and welfare. *See St. Louis County v. City of Manchester*, 360 S.W.2d 638, 642 (Mo. banc 1962). Thus the power to grant a variance should be exercised sparingly and in accordance with the public welfare. *Volkman*, 624 S.W.2d at 61. It follows then, as previously stated, that conditions personal to the land owner are not relevant to whether a variance should be granted. *Behrens*, 784 S.W.2d at 829. Accordingly, the Board did not err in rejecting consideration of petitioner's evidence of personal financial hardship unrelated to any economic impact upon the land. *See Wehrle*, 708 S.W.2d at 790. *Compare Taylor v. Board of Zoning Adjustment of the City of Blue Springs*, 738 S.W.2d 141, 144 (Mo.App.1987) (grant of variance held appropriate due to zoning board's prior erroneous grant of permit resulting in $7,000.00 expenditure for oversized sign later subject to permit revocation for zoning violation). Petitioner's first point is denied.

■ In addition, there is substantial evidence from which the Board could conclude that petitioner failed to establish practical difficulties warranting a variance. At the hearing petitioner admitted that the covered patio could serve as a shelter for her vehicle. And based upon the evidence presented, the Board could reasonably conclude that in light of the purpose of the zoning regulation, the extent of the variance as compared to the setback requirement, and the effect on the adjoining property, the inconvenience presented during the winter or petitioner's personal desire to not remove an unspecified number of trees to use the patio as a carport did not constitute the requisite practical difficulties contemplated under the Code. *See also, Behrens*, 784 S.W.2d at 829; *Volkman* 624

745 S.W.2d 238, 242–243 (Mo.App.1987).

S.W.2d at 61. Petitioner's second point is denied.

Judgment affirmed.

PUDLOWSKI and GRIMM, JJ., concur.