STATE ex rel. Stephen DUSSAULT and Linda Dussault, Petitioners/Relators,

v.

BOARD OF ADJUSTMENT, CITY OF MARYLAND HEIGHTS, Respondent/Appellant.

No. 66559.

Missouri Court of Appeals, Eastern District, Division Four.

June 27, 1995.

Robert C. Withington, Clayton, petitioners.

Howard Paperner, Clayton, respondent.

SIMON, Judge.

The Board of Adjustment of the City of Maryland Heights (Board) appeals from a judgment of the Circuit Court of St. Louis County reversing the decision of the Board and remanding the cause to the Board for further consideration.

On appeal, the Board contends that the circuit court erred in that: (1) the decision of the Board to deny Stephen and Linda Dussaults' (Dussaults') application for variance was supported by competent and substantial evidence on the record as a whole because Dussaults failed to meet their burden of proof, and (2) it conducted a de novo hearing by considering further evidence and substituting its judgment for that of the Board.

On appeal we review the findings and conclusions of the Board, rather than those of the circuit court. *Hutchens v. St. Louis County*, 848 S.W.2d 616, 617[2] (Mo. App.E.D.1993). We will limit our inquiry to determine whether the Board's action is supported by competent and substantial evidence upon the whole record or whether it is arbitrary, capricious, unreasonable, unlawful, or in excess of its jurisdiction. *Id.*

The record on appeal indicates that Dussaults constructed a storage building in the City of Maryland Heights in 1989–90. The site of the building was on a designated flood plain. Dussaults did not have a building permit to construct the building. After the building was constructed Dussaults applied to the Board for a variance and were denied.

After the denial, Dussaults consulted with Michael Moran, Maryland Height's Building Commissioner, about bringing the storage building into compliance with the city's ordinances. Two alternatives were suggested: (1) elevate the structure to one foot above the base flood elevation, or (2) flood proof the structure. Dussaults hired an engineer to assist in bringing the structure up to Federal Emergency Management Act standards by wet flood proofing it, and applied to the

Board for a variance. At the Board hearing on September 9, 1991, there was no motion to approve or deny the variance. The chairman ruled the application for variance denied for lack of a motion.

After the second denial, Dussaults applied for a writ of certiorari to the Circuit Court of St. Louis County. The court issued the writ and affirmed the decision of the Board finding that its decision was supported by competent and substantial evidence upon the whole record.

Dussaults then motioned for a new trial. The court sustained the motion and held a hearing and heard additional evidence on the matter. Subsequently, the court found that the decision of the Board was not supported by competent and substantial evidence on the whole record and reversed the decision of the Board and remanded it to the Board for further consideration.

■ Before addressing the Board's points on appeal, we must determine our jurisdiction. *Shanklin v. Grey Eagle Distributing, Inc.,* 864 S.W.2d 422, 423[2] (Mo.App.E.D. 1993). Section 89.110 RSMo.1994, provides that any person aggrieved by any decision of the board of adjustment, officer, department, board, or bureau of the municipality may petition the circuit court in the county or city in which the affected property is located. The threshold question is whether the Board's second "decision" denying the variance is a decision from which an appeal may be taken. We conclude that it is not.

■ During the second Board hearing, Dussaults' application for variance was denied for lack of a motion to approve or deny the variance. The minutes of that hearing show that no vote was taken:

Jack Foley [Chairman]: "Any other questions or comments? Do we have a motion to approve or deny this variance. It appears that the variance is denied for the lack of a motion."

Howard Paperner [City Atty.]: "For the record, since there is no motion for approval, and no other action, it fails for lack of a motion."

Section 89.080 RSMo.1994, provides for the appointment of a board of adjustment and further provides "The board shall keep minutes of its proceedings, showing the vote of each member upon question, ..." This section clearly contemplates a vote by the board. A governing body of a municipal corporation can act only as a body and the individual action of any member or unofficial act or agreement of all or part of the members are ineffectual and without binding force. *Plaster v. Lebanon Special Rd. Dist. of Laclede Cty.,* 611 S.W.2d 560, 563[3] (Mo.App.1981).

■ Here, the denial was made by the chairman, Jack Foley, and not by the Board acting as a body. Therefore, there was not a vote and the board did not make a final decision. Finality is found when the agency arrives at a terminal, complete resolution of the case before it. *Dore & Assoc. Contr. v. Dept. of Labor,* 810 S.W.2d 72, 75–76[2] (Mo. App.1990). An order lacks finality where it remains tentative, provisional, or contingent, subject to recall, revision or reconsideration by the issuing agency. *Id.* Additionally, a letter from City Planner, Kathie Sammons, to Dussaults, stated that the Board generally votes on the petitions before it on the same evening they are heard. Since the Board failed to vote on Dussaults' second variance application, there was no complete resolution of the case before it. Therefore, the circuit court did not have jurisdiction to review this matter. Since the circuit court did not have jurisdiction to determine the issues presented on the merits, our jurisdiction does not extend to a determination of the appeal on the merits. *Hart v. Bd. of Adj. of City of Marshall,* 616 S.W.2d 111, 113[1] (Mo.App. 1981).

Having no jurisdiction, we dismiss the appeal and remand the cause to the circuit court. Upon remand, the circuit court should remand the cause to the Board for further proceedings in accordance with this opinion.

Dismissed and remanded with directions.

AHRENS, P.J., and KAROHL, J., concur.