Kevin P. McMORROW, et al., Petitioners/Appellants,

v.

BOARD OF ADJUSTMENT FOR the CITY OF TOWN & COUNTRY, Missouri, Defendant/Appellee.

No. 55139.

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 21, 1989.

Patrick R. Gunn, Patrick Boyle, St. Louis, for petitioners-appellants.

Mary B. Schultz, St. Louis, for defendant-appellee.

SMITH, Presiding Judge.

Petitioners appeal from a judgment of the trial court which upheld the action of the Board of Adjustment of the City of Town and Country refusing to grant variances from the zoning ordinances to petitioners. We affirm.

Petitioners' lot is slightly over an acre in area. It is shaped, however, like an anteater's snout, with widths of 31.25 feet and 193.04 feet on the ends and lengths of 523.65 feet and 562.87 feet on the sides. Because of set back and building lines established by the Town and Country ordinances, the area on which structures are permitted on the lot is quite restricted. In fact the single family residence on the property is non-conforming because it infringes upon both set-back and building lines. The residence was built prior to annexation of the property by Town and Country. The area is zoned Suburban Estate which is single family residential with a one acre minimum lot size. The McMorrows desire to build an in-ground swimming pool on the lot. The only feasible location, because of the lot configuration and topography, would require substantial variance from the set-back and building line requirements of the ordinances. In addition, a variance would be required for expansion of what is already a non-conforming structure, the residence. The Board denied the variances requested on the basis that there was no showing of "practical difficulties or unnecessary hardships" requiring granting of the variances.

It is petitioners' position that by establishing that the configuration and topography of their lot makes construction of the pool impossible without the variances they have carried their burden for obtaining the variances. We disagree.

The authority to grant a variance should be exercised sparingly and only under exceptional circumstances. *Matthew v. Smith*, 707 S.W.2d 411 (Mo. banc 1986) l.c. 413. Otherwise continued viability of the zoning code is compromised. *Ogawa v. City of Des Peres*, 745 S.W.2d 238 (Mo. App.1987) [8]. The statutory authorization for granting variances is found in Sec. 89.-090(3) RSMo 1986, and occurs upon a finding of "practical difficulties or unnecessary hardship." The Town and Country ordinances parallel this statutory mandate. In *Matthew v. Smith, supra,* [2], the court indicated that "practical difficulties" was a slightly less rigorous test than "unnecessary hardship" and then stated:

"To obtain a use variance, an applicant must demonstrate, *inter alia,* unnecessary hardship; and to obtain an area variance, an applicant must establish, *inter alia,* the existence of conditions *slightly* less rigorous than unnecessary hardship." (Emphasis in original).

■ Petitioners seek area variances. "Unnecessary hardship" has been considered in this state as involving circumstances where the refusal to grant the variance would amount to a denial of any permitted use under the ordinances. *Ogawa v. City of Des Peres, supra,* [13]; *Conner v. Herd,* 452 S.W.2d 272 (Mo.App.1970) [14]; *Brown v. Beuc,* 384 S.W.2d 845 (Mo. App.1964) [9]. Such denial may include not only the impossibility of use but unwarranted economic hardship in achieving a permitted use. *Conner v. Herd, supra* [10, 11]. It is clear from the cases that variances are to be granted only for severe interferences with the ability of the landowner to use his land and not for "mere inconvenience." *Volkman v. City of Kirkwood,* 624 S.W.2d 58 (Mo.App.1981) [5, 6].

■ The record does not establish that petitioners have carried their burden to justify the variances sought. The land is useable, and is being used, for the use permitted by the zoning ordinances as a single family residence. Petitioners want to add to that residential complex a swimming pool, a permitted structure in the district. They have failed to establish that a swimming pool is a necessity, that they will suffer undue financial burdens if one is not built, or that their satisfactory residential use of the property is impossible without a pool. Throughout the hearing the Board sought petitioners' explanation of why the absence of a pool constituted a "practical difficulty" or "unnecessary hardship." No explanation was advanced other than that

the configuration and topography made construction of a pool impossible without the variances. That a structure permitted in the area cannot be built because of the zoning restrictions does not alone establish that a variance must be granted. Even under the "slightly less rigorous" test of area variances set forth in *Matthew v. Smith,* the record does not authorize the variances sought.

JUDGMENT AFFIRMED.

STEPHAN and SATZ, JJ., concur.