**STATE of Missouri, ex rel., Terry ALEXANDER and Larry Richardson, Relators–Respondents,**

v.

**BOARD OF ADJUSTMENT OF the CITY OF ST. PETERS, Missouri, Respondents–Appellants.**

No. 55253.

Missouri Court of Appeals, Eastern District, Division One.

March 7, 1989.

Rollin L. Moerschel & Lorna Louise Frahm, St. Charles, for respondents-appellants.

Steven Ehlmann, Barklage & Barklage, Edward C. Ahlheim, Niedner, Niedner, Ahleim & Bodeux, St. Charles, for relators-respondents.

CRANDALL, Presiding Judge.

Appellants, Board of Adjustment of the City of St. Peters (Board), appeals from the judgment of the trial court which ordered

the City of St. Peters (City) to issue respondents, Terry Alexander and Larry Richardson (lessees), a business license to erect a billboard on property owned by Paul Jungermann, Arlie Jungermann, Janet Stille, and Doris Zumbehl (owners).[1] We affirm.

Lessees were the assignees of a lease on owners' property. Lessees intended to erect an outdoor sign on this property and applied to City for the requisite sign permit and business license. On December 9, 1986, City approved lessees' sign application. On December 10, 1986, lessees applied for a business license and paid a license fee of $215. The license period as stated was from January 1, 1987 through December 31, 1987. City has never refunded the money lessees' tendered for the license.

The City administrator requested additional information from lessees to process the business license. The City administrator specifically requested the owners' consent for the proposed sign. Lessees responded by providing a copy of their lease with owners to City. Lessees started work on erecting the sign. Shortly thereafter, City received a letter from owners stating that they did not agree to the erection of the billboard. On January 7, 1987, City issued a stop work notice to lessees.

Lessees petitioned the Board for relief from City's refusal to issue them a business license. The Board denied lessees' petition and adopted the following findings of fact and conclusion of law:

*Findings of Fact:*

1. That a sign permit was approved by Administrative Officer on December 9, 1986.

2. That a business license was applied for on December 10, 1986, and not approved.

3. That the property owner did not give permission for the erection of the

sign as applied for under business license application number 87–10.

*Conclusion of Law*

1. That the petitioner or applicant having failed to obtain the consent of the owner of the land in the application for the business license, the variance is denied.

Upon certiorari to the circuit court, the Board's decision was reversed because it was not supported by substantial evidence. The court ordered City to issue lessees a business license for the outdoor sign.

 The scope of judicial review of a decision of a municipal board of zoning adjustment is the determination of whether the Board's decision is authorized by law and is supported by competent and substantial evidence upon the whole record. *Wolfner v. Board of Adjustment of City of Frontenac,* 672 S.W.2d 147, 150 (Mo. App.1984). In determining whether substantial evidence exists to support the decision of the Board, an appellate court is to view the evidence, along with its reasonable inferences, in a light most favorable to the Board's findings. *Ogawa v. City of Des Peres,* 745 S.W.2d 238, 242 (Mo.App. 1987).

We have reviewed the record in the case before us.[2] Article 9, Section 2(b)(6) of City's zoning regulations requires that the applicant for a sign permit furnish to City written consent of a property owner to the erection of the proposed billboard. Article 9, Section 2 specifically regulates applications for sign permits. In the ordinances dealing with the issuance of business licenses, a property owner's consent is not a prerequisite to the grant of a business license.

Board contends that Article 9, Section 7 confers upon it the right to require an owner's consent before issuing a business

---

1. Relying on Rule 52.12, owners intervened in this action. On appeal, they have not submitted a brief raising claims of error which relate to their interest in the litigation. They are not parties to this appeal. We express no opinion as to whether their intervention was proper in the present action.

2. We note Board's failure on appeal to provide a transcript of the hearing on March 2, 1987. Board did furnish a transcript of the April 13, 1987 meeting, at which Board denied lessees' application for a business license. We, therefore, review on the basis of the record as it was furnished to us.

license. Article 9, Section 7 provides that "additional information" may be requested of an applicant for a business license. We do not accept Board's interpretation that the language "additional information" encompasses the written consent of the owners of the property in the present action. We refuse to engraft on these words a meaning different from the plain meaning of the words adopted by the City in its zoning regulations. *Wolfner*, 672 S.W.2d at 151.

Here, all the parties concede that lessees were issued a sign permit. That owners' consent was not requested by City or furnished by lessees was pertinent only to the issuance of a sign permit and has no relevance to the issuance of a business license. Owners' consent was not required before a business license could be issued. Board erred in refusing to grant a business license to lessees. The trial court properly reversed Board's decision. Board's point on appeal is denied.

In view of our holding, we need not address the points raised by lessees on appeal.[3]

The judgment is affirmed.

REINHARD and CRIST, JJ., concur.

---

**3.** Lessees argue that if the owners' permission was necessary, the lease clearly confers the owners' permission to erect the outdoor sign. An interpretation of the lease agreement is unnecessary to the resolution of this appeal. Any contract disputes over the terms of the lease are between owners and lessees and are not pertinent to this appeal.