**Kenneth C. BEHRENS, et al., Plaintiffs–Appellants,**

v.

**Gerald EBENRECH, et al., Defendants–Respondents.**

**No. 57100.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 6, 1990.

**Larry E. RAIFORD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56873.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 6, 1990.

### ORDER

Julius H. Berg, St. Louis, for plaintiffs-appellants.

Shulamith Simon, St. Louis, Husch, Eppenberger, Donohue, Carnfeld & Jenkins, for defendants-respondents.

CRANDALL, Judge.

Petitioners, Kenneth and Patricia Behrens, appeal from the judgment of the circuit court which affirmed, upon a petition for writ of certiorari, a decision by the Crestwood Board of Adjustment (Board) that denied petitioners a variance. We affirm.

Petitioners own a home on a corner lot at the intersection of Sappington Road (Sappington) and Banyon Tree Court (Banyon) in the City of Crestwood. Their house faces Banyon, and Sappington borders their backyard on the west. All other homeowners on Sappington have their front yards facing Sappington. Persons traveling along Sappington sometimes litter the yards bordering the road and subject people in these yards to unpleasant noises, including car horns and offensive language.

In an effort to shield themselves from the litter and offensive language, petitioners began erecting a privacy fence along their backyard property adjacent to Sappington. Petitioners built the fence between Sappington and the building line, mistakenly believing that it would not violate a Crestwood Zoning Ordinance.

Section 21.18(f)(5) Crestwood Code was in effect at all times pertinent to the present action. It states: "Walls and fences shall not be erected between the street, road or highway right-of-way line and the building and set-back line." A Crestwood Code Enforcement Officer notified petitioners that their fence violated Crestwood zoning law and would have to be removed unless petitioners obtained a variance.

Petitioners applied to Board for a variance, and a hearing was conducted. Crestwood Zoning Ordinance required four affirmative votes of the five voting Board members at the time of the hearing on petitioners' application for a variance. Petitioners' application received only three, so the variance was denied. Petitioners filed a petition for writ of certiorari with the Circuit Court of St. Louis County to review Board's denial of the variance, and the court affirmed Board's decision.

The scope of judicial review of a decision of a municipal board of zoning adjustment is limited to a determination of whether the board's decision is authorized by law and is supported by competent and substantial evidence upon the whole record. *Ogawa v. City of Des Peres*, 745 S.W.2d 238, 242 (Mo.App.1987); *State ex rel. Alexander v. Board of Adjustment of the City of St. Peters*, 766 S.W.2d 458, 459 (Mo.App.1989). In determining whether substantial evidence exists to support the decision of the board, an appellate court is to view the evidence, along with the reasonable inferences therefrom, in a light most favorable to the findings of the board. *Alexander*, at 459.[1]

■ The variance requested by petitioners is a non-use variance. *See Matthew v. Smith*, 707 S.W.2d 411, 413 (Mo. banc 1986). To obtain a non-use variance, the applicant must establish, *inter alia*, practical difficulties in the way of carrying out the strict letter of the ordinance. Section 21.46(h)(3) Crestwood Code; Section 89.-090.1(3) RSMo (1986).

---

1. Petitioners argue that Board's decision should be given less deference by the appellate court because Board's decision was the result of a two-fifths minority vote. Petitioners cite no authority for this argument, and we decline to adopt this proposed standard of review.

"The phrase 'practical difficulties' as contained in the Zoning Code does not refer to conditions personal to the owner of the land in question but rather refers to the conditions especially affecting the lot in question." *Ogawa*, at 242–243 (quoting *Brown v. Beuc*, 384 S.W.2d 845, 852–53 (Mo.App.1964)). Further, the practical difficulty relied on as a ground for a variance must be "unusual or peculiar to the property involved and must be different from that suffered throughout the zone or neighborhood." *Id.* The burden of proving practical difficulties is on the applicant. *State ex rel. Holly Investment Co. v. Board of Zoning Adjustment of Kansas City*, 771 S.W.2d 949, 952 (Mo.App.1989).

Here, petitioners testified that it is impossible for them to use and enjoy their backyard because of the litter and offensive language coming from traffic on Sappington. Petitioners argue that their lot suffers to an unusual or peculiar degree because their house is the only house on Sappington with its backyard facing the road.

The problems affecting the property of petitioner are common to property owners bordering Sappington. The claimed distinction is that petitioners' backyard is affected while the front yards of other property owners are affected. This may be a distinction without a difference. At the very least, the Board did not abuse its wide discretion in its implicit finding that such a distinction did not give rise to a "difficulty different from that suffered throughout the zone or neighborhood." *Ogawa*, at 242–43 (quoting *Brown v. Beuc*, 384 S.W.2d at 852–53 (Mo.App.1964)).

In addition, petitioners admitted at the administrative hearing that there were two alternatives to the existing fence: (1) constructing the fence on the building line; or (2) planting shrubbery on the property line.

From the record before us, we cannot say that Board abused its discretion in denying petitioners' application for a variance. In view of our holding we decline to discuss other points raised by the parties.

The judgment of the circuit court is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.