**STATE of Missouri, ex rel., Curtis D. TUCKER and Karen Lucille Tucker, Relators–Respondents,**

v.

**Barbara McDONALD, Alice Stafford, Ethel Woods, Inice Walker, Allen K. Smith and Lucinda Jackson, as members of the Board of Adjustment of the City of Pagedale, Missouri, Respondents–Appellants.**

No. 57690.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 10, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 15, 1990.

Application to Transfer Denied
Sept. 11, 1990.

Frank Susman and Randall B. Kahn, Susman, Schermer, Rimmer & Shifrin, Clayton, for respondents-appellants.

Robert Edward Jones and William Laird Hetlage, Clayton, for relators-respondents.

CRANDALL, Judge.

The Board of Adjustment of the City of Pagedale (Board), appeals from the judgment of the circuit court which reversed Board's denial of an application by Curtis D. Tucker and Karen Lucille Tucker (Tucker) for a use variance. We reverse.

The scope of review of a decision of a municipal board of zoning adjustment is limited to a determination of whether the board's decision is authorized by law and is supported by competent and substantial evidence upon the whole record. *Behrens v. Ebenrech,* 784 S.W.2d 827, 828 (Mo.App. 1990). In determining whether substantial evidence exists to support the decision of the board, an appellate court is to view the evidence, along with the reasonable inferences therefrom, in a light most favorable to the findings of the board. *Behrens,* 784 S.W.2d at 828. If the decision is fairly debatable, the court cannot substitute its opinion. *City of Ladue v. Horn,* 720 S.W.2d 745, 748 (Mo.App.1986).

Tucker operated an auto body shop on St. Charles Rock Road (Rock Road Property). Because of access problems with the Rock Road Property, Tucker bought another building on Page Avenue (Page Avenue Property). Both properties were located in the City of Pagedale. He knew the Page-dale ordinance did not list auto repair shops as a permitted use in the zone. This restriction, however, did not apply to Rock Road Property because a grandfather clause allowed preexisting auto body repair shops to continue business. Tucker planned to use the Page Avenue Property for estimates and detail work while keeping the Rock Road Property for painting and repair work.

The plan failed when Tucker received a notice from his landlord to vacate the Rock Road Property. Tucker then applied to Board for a use variance for an auto body repair shop at Page Avenue Property. Board, in denying Tucker's application, found that Tucker was not deprived of all beneficial uses and that the requested variance would only increase traffic and the numbers of cars stored along Page Avenue, causing an overall deleterious effect on the surrounding residential area and destroying the preservation of the plan.

The circuit court reversed the decision of the Board and remanded with directions to grant a variance to Tucker. On appeal, Board claims that the circuit court applied an incorrect standard of review and incorrectly applied the law to the facts.

Tucker applied for a use variance, which allows for uses other than those specifically permitted by the zoning ordinance. *Matthew v. Smith,* 707 S.W.2d 411, 413 (Mo. banc 1986). Use variances are granted sparingly and only under exceptional circumstances. *Doorack v. Board of Adjustment of the City of Town and Country,* 709 S.W.2d 140, 143 (Mo.App. 1986). An applicant for a use variance must meet four requirements.

First, the applicant must be suffering unnecessary hardship in carrying out the strict letter of the ordinance. Second, applicant must prove that relief is necessary because of the unique character of the property. Third, the variance may not destroy the preservation of the plan, and fourth, granting the variance will result in substantial justice for all. *Matthew,* 707 S.W.2d at 415–416.

■ Although all four requirements must be satisfied, unnecessary hardship is the principal basis on which a variance is granted. *Matthew*, 707 S.W.2d at 416. This requirement can be proved by showing either that the applicant is deprived of any permitted use of the property or that he would incur unwarranted economic hardship in achieving a permitted use. *McMorrow v. Board of Adjustment for the City of Town and Country*, 765 S.W.2d 700, 701 (Mo.App.1989).

■ In this case, Tucker purchased the Page Avenue Property with full knowledge of the zoning restrictions. In fact, Tucker initially intended to use it for a detail and estimate shop, which is a permitted use under the ordinance. There is no evidence in the record to show that Tucker would be deprived of all beneficial use of the land. *See Matthew*, 707 S.W.2d at 417. Any economic hardship suffered by Tucker resulted from conditions arising out of his inability to continue to use the Rock Road Property.

■ Conditions causing an applicant's hardship must also be unique and peculiar to the property and not prevalent in the neighborhood. In addition, hardship must be due to conditions not personal to the owner, but rather to conditions affecting the land, thereby making the land unsuitable for the permitted use in the zone in which it lies. *Brown v. Beuc*, 384 S.W.2d 845, 853 (Mo.App.1964).

Here, Tucker demonstrated unique circumstances not common to all property owners in the neighborhood. After eviction from Rock Road Property, Tucker requested a variance because he could not implement his original plan. However, the conditions for the variance are personal and not directly affecting Page Avenue Property. *Beuc*, 384 S.W.2d at 853.

Tucker argued that the variance would not destroy the preservation of the plan because there would not be another auto body repair shop in the city. In addition, there would be one less vacant industrial building in Pagedale, and a board member noticed that the remodeled property looked better. However, the purpose of the ordinance is to prevent the opening of more auto body repair shops, thereby reducing the deleterious effects the shops would have on the surrounding residential areas, especially increased traffic and storage of cars in lots on Page Avenue. Granting the use variance would not promote this purpose.

Tucker has not proven unnecessary hardship, nor has he shown unique circumstances affecting the property itself. In addition, a use variance would destroy the preservation of the plan, not bestowing substantial justice on both parties.

From the record before us, we cannot say Board abused its discretion in denying Tucker's application for a use variance.

The judgment of the circuit court is reversed.

PUDLOWSKI, P.J., and KAROHL, J., concur.