STATE of Missouri, ex rel. Philip A. KLAWUHN, Relator/Appellant,

v.

The BOARD OF ZONING ADJUSTMENT OF THE CITY OF ST. JOSEPH, MISSOURI, et al.

and

Roy D. Couch and Vickie L. Couch, Respondents/Appellees.

No. WD 53091.

Missouri Court of Appeals, Western District.

Aug. 19, 1997.

Rehearing Denied Oct. 28, 1997.

Philip A. Klawuhn, Kansas City, pro se.

A. David Peppard, Asst. City Atty., George Scott Murray, St. Joseph, for respondents.

Before BERREY, P.J., and SMART and EDWIN H. SMITH, JJ.

BERREY, Judge.

This is an appeal from the circuit court's affirmation of three variances granted by the Zoning Board of Adjustment (ZBA) of St. Joseph, Missouri, in favor of respondent landowners, Roy and Vickie Couch. The Couchs sought the variances in order to build a storage building on a vacant lot and store various vehicles and equipment in it.[1] Kla-

---

**1.** In the record, the proposed structure was referred to by different names, including "garage" and a plan to store items in a "building." However, we refer to it as a storage building.

wuhn presents three issues for our consideration: 1) the ZBA provided inadequate notice of the hearing in violation of his due process rights; 2) the ZBA's decision was not supported by substantial evidence in that the requested variances did not meet the practical difficulty or unnecessary hardship standard as required by the St. Joseph zoning ordinance; and 3) a draft version of the zoning ordinance, which included revisions of key provisions, should have been admitted as an exhibit by the circuit court because it was "potentially relevant" to the issue of notice.

We reverse the decision of the ZBA because it was improperly based on a condition personal to the landowners, namely the large quantity of vehicles and equipment they wished to store inside the proposed storage building.

Klawuhn and the Couchs own adjoining lots in a St. Joseph subdivision. The land is zoned for two-family residential dwellings. A duplex stands on Klawuhn's lot. No structures currently exist on the Couch's lot. It is triangular in shape and is bounded by an abandoned railroad right-of-way to the south. The right-of-way gives the lot a significant slope on its southern border. To the north and across the street from these lots is the Couch's house. Seeking to build a storage building on the vacant lot, the Couchs applied for a building permit. Their request was denied. On April 18, 1996, the Couchs applied to the St. Joseph ZBA for three variances. The Couchs requested the variances to allow for 1) construction of an accessory building on land without a main use; 2) construction of a 1,728 square foot storage building on land zoned for 1,200 square foot accessory buildings; and 3) a front yard set back reduction from 60 feet to 20 feet.

Public notice of the hearing was published in the St. Joseph News–Press newspaper on May 15 and 21, 1996. Notice of the hearing was also mailed by certified mail on May 20, 1996, to Klawuhn's address in Kansas City. The hearing was held on May 28, 1996. It is unclear whether Klawuhn received the slip used by the postal service to notify someone that certified mail is waiting for them. An affidavit signed by Deborah Cline, a secretary with the ZBA, stated that Klawuhn indicated to her by telephone that he had received notice of the certified letter before the hearing but that he did not retrieve the letter until after the hearing. Klawuhn denies this, claiming he does not recall when the notice of the letter actually arrived. In any event, Klawuhn was not present at the hearing. Roy Couch did appear. He testified that he intended the storage building to shelter several of his vehicles, some gardening equipment, a tractor and a 30 foot travel trailer from the elements. He also expressed his belief that it would be more aesthetically pleasing for his vehicles and equipment to be housed inside rather than sitting in open view. A neighbor, Barbara LaBass, similarly testified in support of the variances.

The ZBA granted all three of the Couch's variance requests. Approval of the variances was based upon the ZBA's finding that the "unique shape and topography of the lot require a reduction in the front yard set back and the size and quantity of the items that the [Couchs] would like to store inside the building." Klawuhn's request for a rehearing was denied because there is no provision in the zoning ordinance for a rehearing. He later filed a Petition for Writ of Certiorari pursuant to § 89.110 [2] alleging that the variances were illegally and wrongfully granted. After a hearing on July 19, 1996, the circuit court affirmed the ZBA's decision. In its Order, the circuit court specifically found that Klawuhn was not denied procedural due process because the notice provided complied with § 31–090(e) of St. Joseph's revised zoning ordinance. On January 17, 1997, the ZBA filed a Motion to Dismiss alleging that Klawuhn failed to provide notice of his Petition Writ of Certiorari to a party of record. This appeal followed.

We review the decision of the ZBA to grant the three variances and not the judgment of the circuit court. *State ex rel. Columbus Park Community Council v. Board of Zoning Adjustment of Kansas City,* 864 S.W.2d 437, 440 (Mo.App.1993). The scope of appellate review of a ZBA decision is limited to determining 1) whether the deci-

---

**2.** Unless otherwise indicated, all statutory references are to RSMo 1994.

sion was legal and in compliance with the zoning ordinance, and 2) whether the decision was supported by competent and substantial evidence upon the whole record. *Id.* The evidence, along with the reasonable inferences therefrom, must be viewed in the light most favorable to the ZBA decision. *Id.*

Klawuhn first alleges that the ZBA's decision to grant the three variances violated his procedural due process rights because he did not receive adequate notice of the hearing. The issue is whether the notice provision of the Missouri Administrative Procedure Act (MAPA) or the notice provision of the St. Joseph zoning ordinance applies.[3] Klawuhn argues that the former is applicable. It provides that in a contested case notice shall be given within a reasonable time before the hearing. A "reasonable" time is at least ten days notice "except in cases where the public morals, health, safety or interest may make a shorter time reasonable." § 536.067(4). Section 31.090(e) of the zoning ordinance requires "not less than five nor more than 15 days" notice before the hearing. This is a compelling issue and the parties devoted a substantial portion of their briefs and oral argument to it. However, in light of our resolution of Point II below, we need not address it in that it is unnecessary to our disposition of this appeal.

Klawuhn's Point II alleges that there was a lack of competent and substantial evidence to grant the variances in this case because the decision was based upon a condition personal to the Couchs rather than a hardship relating to the unique physical condition of the property. We agree.

A municipality's power to regulate land use is derived from the state police power and is delegated by statute. *McCarty v. City of Kansas City,* 671 S.W.2d 790, 793 (Mo.App.1984); § 89.020. Municipal zoning ordinances must conform to the terms of the delegation from the state. *Id.* The enactment of a zoning ordinance is a legislative function. *Id.* The power to grant variances should be exercised sparingly and only under exceptional circumstances. *Long v. Board of Adjustment of City of Columbia,* 856 S.W.2d 390, 392 (Mo.App.1993). Section 31.092(b) of the St. Joseph zoning ordinance sets forth the standards the ZBA must consider when a variance request is before it. The standards are:

(1) The particular physical surroundings, shape or topographical condition of the specific property involved would result in an unnecessary hardship upon the owner as distinguished from a mere inconvenience if the strict letter of the regulations were carried out; and

(2) The conditions upon which the petition for a variance is based would not be applicable, generally, to other property within the same zoning classification; and

(3) The alleged hardship has not been created by any person presently having an interest in the property; and

(4) The granting of the variance will not be detrimental to the public health, safety or welfare, or to other property, improvements or the character in the neighborhood which the property is located; and

(5) The granting of the variance is in keeping with the purpose of the zoning district for which the property is located and in keeping with the City's comprehensive plan.

Although the zoning ordinance refers only to unnecessary hardship, § 89.090.1(3) additionally refers to practical difficulties. The distinction between practical difficulties and unnecessary hardship is significant because the former applies to nonuse variances and the latter applies to use variances. *Matthew v. Smith,* 707 S.W.2d 411, 416 (Mo. banc 1986). While a "nonuse" variance allows for deviations from restrictions related to a permitted use, a "use" variance permits a use which the ordinance

---

**3.** Revisions to the St. Joseph zoning ordinance became effective May 22, 1996. Even though it became effective after both the application for the variances and notice was provided to Klawuhn, it was in effect several days before the hearing. Because § 31.090(e) is procedural, rather than substantive, it operates retrospectively. *Wilkes v. Highway and Transp. Com'n,* 762 S.W.2d 27, 28 (Mo. banc 1988).

prohibits. *Id.* at 413. To obtain a nonuse variance, "an applicant must establish, *inter alia,* the existence of conditions *slightly* less rigorous than unnecessary hardship." *Id.* at 416. Use variances have been allowed in Missouri since the holding in *Matthew.* However, § 31.092(c) of the St. Joseph zoning ordinance prohibits them.

Based on the foregoing, the variances in question are nonuse variances. The phrases "practical difficulties" and "unnecessary hardship" refer to conditions especially affecting the lot in question rather than conditions personal to the landowner. *State ex rel. Tucker v. McDonald,* 793 S.W.2d 616, 618 (Mo.App.1990); *Ogawa v. City of Des Peres,* 745 S.W.2d 238, 242–43 (Mo.App. 1987); *Brown v. Beuc,* 384 S.W.2d 845, 852–53 (Mo.App.1964).[4] In its written decision, the ZBA approved the variances "based on the finding that the unique shape and topography of the lot would require a reduction in the front yard set back and the size and quantity of the items that the [Couchs] would like to store inside the building." This decision does not comply with the zoning ordinance because it relies heavily on a condition personal to the Couchs. When asked at the hearing whether he could get by with a storage shed smaller than 1,728 square feet, Mr. Couch responded, *"Not and put what ... I have to put in it."* (emphasis added). Other testimony reveals the personal nature of the proposed storage building:

Q: Mr. Couch, you want to ... tell us why you want the variance.

A: The biggest reason I guess that we need this, I have ... vehicles, ... some gardening equipment, have a travel trailer. The travel trailer is 30 ft. long and if I go to a smaller garage type building or whatever there won't be near enough room to put the equipment that I have in it.

. . . .

Q: And it appears the purpose of your having the building is to store items that would require that size.

A: Yes, sir.

Thus, the size of the storage building was not dictated by the shape or topography of the lot but rather by the Couch's desire to store their numerous vehicles and equipment inside. The lot's shape and topography only necessitated the reduction in the front yard set back because of the storage building's placement. The placement of the storage building was directly affected by plans the Couchs had to erect a dwelling on the lot sometime in the future.

▮ Despite testimony that the storage building would improve the neighborhood by housing the vehicles and equipment the Couchs intended to store in it, we hold that the ZBA's decision was not warranted in that it was based upon a condition personal to the Couchs and that there was no competent and substantial evidence to support it. We therefore reverse and remand this cause for the ZBA to deny the Couch's variance petition.

In light of our holding, we do not reach Klawuhn's third point.

▮ Finally, the ZBA filed a Motion to Dismiss alleging that Klawuhn failed to provide notice of his Petition for Writ of Certiorari to Ms. LaBass. In reliance on *State ex rel. Wrenn v. Board of Zoning Adjustment of Kansas City,* 923 S.W.2d 423 (Mo.App.1996), the ZBA argues because Ms. LaBass appeared at the variance hearing she is a party of record pursuant to § 89.110 and § 536.110.2, and, as such, is entitled to notice. This court in *Wrenn* held that the trial court lacked jurisdiction to enter its order where the adjacent landowners were not given notice of the writ of certiorari. *Id.* at 425. *Wrenn* is distinguishable from the instant case. There is no evidence in the record that Ms. LaBass is an adjacent landowner or that she lives within 185 feet of the subject property as is required by the zoning ordinance. The ZBA's Motion to Dismiss is overruled.

Reversed and remanded with instructions.

All concur.

**4.** *Brown* was overruled on different grounds by *Matthew,* 707 S.W.2d at 414.