HACIENDA ENTERPRISES # 2, INC.,
d/b/a Hacienda Mexican Restaurant,
Plaintiff/Appellant,

v.

Charles E. SMARR, Supervisor of
Liquor Control, State of Missouri,
Defendant/Respondent.

No. 61575.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 1, 1992.

Richard Andrew Barry II, Clayton, for plaintiff/appellant.

William L. Webster, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for defendant/respondent.

## PER CURIAM.

Appellant, Hacienda Enterprises #2, Inc., d/b/a Hacienda Mexican Restaurant (hereinafter "Hacienda"), appeals the revocation of its liquor license pursuant to violations of RSMo § 311.060 (1986), 11 CSR 70–2.130(13)(A), and 11 CSR 70–2.130(13)(B). We affirm.

The undisputed facts in this case establish that on May 31, 1987, sixteen year old S.S. worked as a kitchen employee of appellant, and N.R. served as managing officer for appellant. As S.S. worked at her usual station on that date, N.R. approached her and began a conversation. While talking, N.R. brushed past S.S. two different times, rubbing his hand and arm against her buttocks as he did so. Shortly thereafter, N.R. summoned S.S. in to his office, shutting and locking the door behind her. N.R. began embracing S.S. and kissing her, at the same time offering S.S. money. S.S. attempted to push N.R. away and requested that he let her leave. N.R., instead, proceeded to unsnap the uniform blouse S.S. was wearing. He began to fondle and suck on her breasts, as well as rub his hand on the outside of S.S.'s clothing between her legs. All the while, S.S. protested and asked to leave. N.R. requested that S.S. accompany him upstairs, for which he offered to pay her money. S.S. refused and again asked to leave. Finally, N.R. unlocked the office door and S.S. returned to her work station.

Shortly after her return to the kitchen, S.S. reported the incident to her supervisor, O'Dell. Thereafter, O'Dell informed Jan Belk, the restaurant manager, of what had transpired between N.R. and S.S. Ms. Belk approached S.S., told S.S. that N.R. had done this same thing before and that he had probably been drinking. Moreover, Ms. Belk informed S.S. that she need not worry because her job was not in jeopardy. Belk offered S.S. some time to compose herself. After approximately one hour, S.S. returned to her work station and completed her shift.

Shortly after arriving home that evening, S.S. received a phone call from her mother at which time S.S. informed her mother of N.R.'s behavior several hours earlier. S.S.'s mother returned home immediately and called the police. S.S. was interviewed by police that night and prepared a written statement the following day.

On August 1, 1987, a four-count indictment was filed in the Circuit Court of St. Louis County charging N.R. with one misdemeanor count of false imprisonment and three counts of first degree sexual abuse. In January, 1989, N.R. pled guilty to one count of misdemeanor false imprisonment, two counts of first degree sexual abuse, and one count of second degree sexual abuse. Imposition of sentence was suspended on three of the charges. However,

N.R. was sentenced to one year imprisonment on the second degree sexual abuse charge. The sentence was suspended and N.R. was placed on two years' probation, with the requirement that he undergo weekly therapy.

In June of 1990, appellant received notice from respondent, Charles Smarr, Supervisor of Liquor Control, State of Missouri, of the commencement of proceedings to suspend or revoke appellant's State liquor license. Respondent alleged violations of: 1) Section 311.060 RSMo.1986—based upon the alleged immoral character of managing officer N.R.; 2) 11 CSR 70–2.130(13)(A)— for failure to prevent or suppress improper acts, and; 3) 11 CSR 70–2.130(13)(B)—for failure to report an illegal or violent act on a licensed premises. On December 6, 1989, respondent issued his order revoking Petitioner's liquor license on all three of the above counts. Upon timely application for review, the Administrative Hearing Commission (hereinafter "Commission") held a hearing on appellant's petition for review on June 6, 1990. The Commission entered its Findings of Fact and Conclusions of Law on October 30, 1990, upholding the decision of Respondent.

Respondent held a disciplinary hearing in the case on February 5, 1991. Counsel for appellant submitted evidence to aid respondent in his determination of discipline. On March 18, 1991, an order was issued by the Supervisor revoking appellant's liquor license pursuant to the decision of the Administrative Hearing Commission. Appellant filed a petition for review with the Circuit Court of St. Louis County. On January 22, 1992, the circuit court issued an order upholding the revocation. This appeal followed.

Appellant raises four points on appeal. We will address each in the order raised.

■ First, appellant contends the Commission erred in deciding that appellant's liquor license could be the subject of discipline for violations of RSMo § 311.060.2. Appellant claims the Commission's determination was not supported by the weight of the evidence and was arbitrary and capricious in that Missouri law does not allow a criminal conviction to act as the sole basis for the disqualification of a license. Additionally, appellant asserts a criminal conviction is not sufficient to establish a lack of good moral character. We disagree.

■ On appeal, this court will review the decision of the agency or Commission, not the judgment of the circuit court. *Shawnee Bend Sp. R. Dist. v. Camden Cty,* 800 S.W.2d 452, 456 (Mo.App., S.D. 1990). The scope of judicial review for decisions of administrative agencies is limited to a determination as to whether there is competent and substantial evidence to support the order after a consideration of the record as a whole. *Beck v. James,* 793 S.W.2d 416, 417 (Mo.App., E.D.1990). The evidence is to be viewed in the light most favorable to the agency's decision. *Id.* A court may not substitute its judgment for that of the agency, even where differing opinions could be supported by the evidence. *Id.* Additionally, RSMo § 536.140 (1986) provides courts with a list of considerations to be contemplated when reviewing an administrative decision:

2. The inquiry may extend to a determination of whether the action of the agency

(1) Is in violation of constitutional provisions;

(2) Is in excess of the statutory authority or jurisdiction of the agency;

(3) Is unsupported by competent and substantial evidence upon the whole record;

(4) Is, for any other reason, unauthorized by law;

(5) Is made upon unlawful procedure or without a fair trial;

(6) Is arbitrary, capricious or unreasonable;

(7) Involves an abuse of discretion.

RSMo § 536.140.2 (1986).

In the present matter, we do not find the decision of the Commission to violate any of the above. We do find the Commission had sufficient evidence before it to support its decision that N.R. lacked the level of moral character necessary for appellant to maintain its liquor license. As stated above, the deposition of S.S., which was admitted into evidence at the agency hear-

ing, indicated that N.R. had twice brushed past S.S., touching her on the buttocks as he did so. Later, N.R. summoned S.S. into his office, locked the door, and proceeded to fondle and kiss S.S.'s breasts, the whole time offering her money if she would accompany him to offices upstairs. We find this evidence to constitute an adequate showing of immoral conduct on the part of N.R.

Appellant points out that N.R. received a suspended imposition of sentence as to three of the four charges against him. Appellant also reiterates the fact that the Commission produced no evidence regarding a probation violation as to the fourth charge. Therefore, argues appellant, it was improper for the Commission to use N.R.'s conviction as evidence of his lack of good moral character. However, in *Kehr v. Garrett,* 512 S.W.2d 186, 193 (Mo.App., St.L.D.1974),[1] this court stated that "[t]he type of offense, the circumstances, the nearness of the arrests to the application and other factors may well be considered to deny an applicant a license." Keeping in mind, then, that N.R. was convicted of a sexual offense which occurred on appellant's premises, that other employees were aware of similar such behavior of N.R. in the past, and that none of these activities had been reported to the police, we find appellant's criminal conviction a necessary consideration in the Commission's decision-making process. Point denied.

Appellant's second point on appeal questions the constitutionality of RSMo § 311.060.2 (1986).[2] Appellant contends the statute is void for vagueness as no definition is provided for "good moral character." This leaves open the possibility for arbitrary and discriminatory application, says appellant.

We note appellant failed to specifically raise this point at any of the prior hearings. A constitutional objection to a statute should be raised in the administrative hearing in order to preserve the complaint if judicial review of the administrative decision is later requested. *Schierding v. Missouri Dental Bd.,* 705 S.W.2d 484, 487 (Mo. App., E.D.1985). However, whether or not raised in the administrative hearing, a constitutional question must be presented to and passed upon by a lower court in order to preserve the question for review. *Fahy v. Dresser Industries, Inc.,* 740 S.W.2d 635, 639 (Mo. banc 1987). Constitutional issues cannot be first raised on appeal. *State, Div. of Family Services v. Guy,* 750 S.W.2d 618, 619 (Mo.App., E.D.1988). Because this issue was not raised in the administrative hearing or the circuit court, we will not address the correctness thereof. Point denied.

Appellant next argues the Commission erred in revoking the liquor license pursuant to N.R.'s lack of good moral character. Appellant contends that a revoca-

---

1. Appellant in *Kehr* had been denied a liquor license due to several arrests for suspicion of prostitution and referral to a clinic for venereal disease some eleven years before she submitted her application for such license. This court upheld the trial court's finding that the denial of the liquor license for these reasons was arbitrary and capricious.

2. RSMo § 311.060.2 provides:

 (1) No person, partnership or corporation shall be qualified for a license under this law if such person, any member of such partnership or such corporation, or more of the stock of such corporation, or other financial interest therein, or ten percent or more of the interest in the business for which the person, partnership or corporation is licensed, or any person employed in the business licensed under this law shall have had a license revoked under this law or shall have been convicted of violating the provisions of any law applicable to the manufacture or sale of intoxicating liquor since the ratification of the twenty-first amendment to the Constitution of the United States, or shall not be a person of good moral character.

 (2) No license issued under this chapter or chapter 312, RSMo, shall be denied, suspended, revoked or otherwise affected based solely on the fact that an employee of the licensee has been convicted of a felony unrelated to the manufacture or sale of intoxicating liquor as long as any such employee does not directly participate in retail sales of intoxicating liquor. Each employer shall report the identity of any employee convicted of a felony to the division of liquor control. The division of liquor control shall promulgate rules to enforce the provisions of this subdivision.

 (3) No wholesaler license shall be issued to a corporation for the sale of intoxicating liquor containing alcohol in excess of five percent by weight, except to a resident corporation as defined in this section.

tion is only acceptable under RSMo § 311.-060.2 where the party lacking good moral character is either 1) a member of the corporation, i.e. a holder or proprietor of stocks; 2) an officer, director, or 10% stockholder of the corporation; or 3) one employed in a business bearing a liquor license, who has had a license revoked or has been convicted of violating any liquor-related provisions. Appellant asserts that N.R.'s position with appellant as managing officer did not fit within one of the above three categories. Therefore, suggests appellant, the fact that N.R. was found to be of questionable moral character was insufficient to support a revocation of appellant's liquor license.

We see a flaw in appellant's reasoning; namely the isolation of subsection 2 of RSMo § 311.060 from the remainder of the statute. Subsection 1 of the applicable statute states in relevant part: "... nor shall any corporation be granted a license hereunder unless the *managing officer* of such corporation is of good moral character and a qualified legal voter and taxpaying citizen of the county, town, city or village." (our emphasis). Appellant's brief acknowledges "[N.R.] is, and has been at all times relevant to these proceedings, appellant's *managing officer.*" (our emphasis). Under the plain wording of subsection 1 of the statute, then, it is clear that upon a finding of poor moral character on the part of N.R., the Commission had the obligation to deny or revoke appellant's liquor license. Point denied.

Finally, appellant suggests the Commission erred in determining that appellant's license was subject to discipline for violations of 11 CSR 70–2.130(13)(A) and 11 CSR 70–2.130(13)(B).[3] Appellant argues the only evidence suggesting such violations was hearsay evidence. Specifically, appellant points to the statements of Jan Belk contained in S.S.'s deposition indicating

Belk's knowledge of similar prior incidents involving N.R. According to appellant, this hearsay evidence lacked the competence and substantiality necessary for proving violations of the above CSR sections.

 Under ordinary circumstances, hearsay evidence could not be considered competent and substantial evidence to support the decision of an administrative agency. *Mark Twain Homes v. Labor & Indus. Relations,* 616 S.W.2d 145, 147 (Mo. App., E.D.1981). However, hearsay evidence admitted without objection may be utilized as substantial and competent evidence supporting the finding of the Commission. *Id. See also, Walker v. Supervisor of Liquor Control,* 781 S.W.2d 113, 115 (Mo.App., W.D.1989).

Appellant asserts that an objection was properly preserved when, at the time respondent submitted the deposition of S.S. into evidence, counsel for appellant stated:

Judge, no objection to its admission and no objection to that it would be what the young lady would say were she to be called as a witness by Respondent's attorney in this proceeding. However, in so stipulating to the admission of the document, I am not stipulating to the truth or accuracy of the statements set forth therein.

We read no objection in this statement. Once evidence is admitted, the finder of fact may weigh that evidence and give it the credibility and value he believes it deserves. *See Mohesky v. City of Washington,* 432 S.W.2d 364, 366 (Mo.App.St.L.App. 1968).

Additionally, the rule against hearsay evidence is based on the concept of confrontation and the right of the parties to cross examine witnesses who have personal knowledge of the facts adduced. *State ex rel. DeWeese v. Morris,* 359 Mo. 194, 221

---

3. These are provisions falling under Rules and Regulations of the Supervisor of Liquor Control and promulgated under the authority of RSMo § 311.660(6) and (10) (1986). The relevant provisions read a follows:
 IMPROPER ACTS.
 (A) At no time, under any circumstances, shall any licensee or his/her employees fail immediately to prevent or suppress any violent quarrel, disorder, brawl, fight or other improper or unlawful conduct of any person upon the licensed premises[.]
 (B) In the event that a licensee or his/her employee knows, or should have known, that an illegal or violent act has been committed on or about the licensed premises, they shall immediately report the occurrence to law enforcement authorities[.]

S.W.2d 206, 209 (1949). In the case before us, appellant had the opportunity to confront S.S., as the deposition submitted into evidence was conducted by appellant's attorney.

■ Finally, the Commission may have found appellant in violation of the above-mentioned provisions without even considering Belk's statement as adduced in the deposition. S.S. stated in her deposition that once she was released from N.R.'s office, her supervisors gave her the opportunity to compose herself. She then returned to work to finish her shift. Neither Belk, nor O'Dell, nor apparently anyone else in appellant's employ attempted to contact the authorities regarding the attack upon S.S. In fact, the incident was not reported until S.S. confided in her mother and her mother contacted the police. The failure to report this incident alone was in violation of 11 CSR 70–2.130(13)(B) and was sufficient to warrant the revocation of appellant's liquor license. Point denied.

Based on the foregoing reasons, we affirm the Commission's judgment.