THE HOUSING AUTHORITY OF THE
CITY OF ST. CHARLES, Missouri,
Plaintiff/Respondent,

v.

THE BOARD OF ADJUSTMENT OF
THE CITY OF ST. CHARLES, Missouri, et al., Defendants/Appellants.

No. 69751.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 11, 1997.

Charles E. Callier, Jr., Asst. City Attorney, City of St. Charles, St. Charles, Kevin M. O'Keefe, Paul E. Martin, Uthoff, Graeber, Bobinette & O'Keefe, St. Louis, for defendants/appellants.

Claude C. Knight, Jane Tomich, Knight & Tomich, St. Charles, for plaintiff/respondent.

GRIMM, Judge.

The Housing Authority of the City of St. Charles applied to The Board of Adjustment of the City of St. Charles for nonuse zoning variances. The Board denied the variances. Housing Authority sought judicial review of the Board's decision. The trial court reversed the Board's decision and granted the variances.

The Board appeals and raises one point. In that point, it contends that Housing Authority failed to produce evidence that a practical difficulty existed which justified the issuance of the variances. We affirm.

## I. Background

Housing Authority owned a vacant corner lot at 801 Clark. It is zoned R2, Two–Family Residential District and is within the Extended Preservation District. Housing Authority wanted to build a duplex on the property. However, the property did not meet zoning ordinance requirements. Thus, it filed an appeal with the Board requesting variances from the zoning ordinances.[1]

Housing Authority requested four variances. The first was for a lot size variance. The ordinance requires lots to have a minimum of 9,000 square feet. This lot contains 7,500 square feet.

The second request was for a lot width variance. The ordinance's minimum lot width at the building line is 75 feet. This lot is 50 feet wide.

The third and fourth requests both involved front-yard setback requirements. Because the lot is a corner lot, the ordinance requires a 25 foot setback on each street. Housing Authority proposed a 10 foot setback on each street.

The Board held two public hearings. The city development director testified and submitted a report regarding the appeal to the Board. He found that the application for the variances met the four criteria necessary to grant a variance. The director recommended the variances be granted.

Proponents and opponents testified. The Board unanimously voted to deny all requests. Thereafter, the trial court reversed the Board's decision, directing the Board to grant and approve the variance requests.

## II. Competent and Substantial Evidence

■ On appeal, we review the findings and conclusions of the Board, rather than those of the trial court. *Arens v. City of St. Louis,* 872 S.W.2d 631, 635 (Mo.App. E.D. 1994). Our review is limited to a determination of whether the Board's decision is authorized by law and is supported by competent and substantial evidence upon the whole record. *Id.*

■ The Board first argues there was no competent and substantial evidence to award the variances. It contends the only evidence presented in support of the variances was the testimony of the city development director and two staff reports from the City Development Office. The Board argues this evidence was inadmissible hearsay. Thus, it contends, there was no competent and sub-

---

1. Originally, this appeal also involved a second property at 710 Lewis. However, at oral argument, both parties agreed that the appeal is now moot.

stantial evidence to support granting the variances.

■ Normally, hearsay evidence cannot be considered competent and substantial evidence to support an administrative agency's decision. *Hacienda Enterprises No. 2, Inc. v. Smarr*, 841 S.W.2d 807, 811 (Mo.App. E.D. 1992). However, hearsay evidence admitted without objection may be utilized as substantial and competent evidence to support the finding of an agency. *Id.* Further, Missouri administrative procedures state, "[a]ny evidence received without objection which has probative value shall be considered by the agency along with the other evidence in the case." § 536.070(8) RSMo 1994.

The transcript does not disclose any objections to the city development director's testimony or to the admission of the staff reports. The testimony and reports provided the department's analysis on whether the criteria for granting a variance was met. This evidence was probative and could be considered by the Board. *See Smith v. Morton*, 890 S.W.2d 403, 406 (Mo.App. E.D.1995). This contention is denied.

### III. Practical Difficulties

The Board also argues that Housing Authority failed to show a practical difficulty to justify any of the variances.

The Board's authority to grant a variance is statutorily based and limited. The Board has the power to grant an appeal only upon a showing of "practical difficulties or unnecessary hardship in the way of carrying out the strict letter of such ordinance." *See* § 89.090.1(3) RSMo Supp.1996.

■ The appeal before the Board sought nonuse variances, as distinguished from use variances. As the name implies, a use variance is one which permits a use other than one permitted by the zoning ordinance. *Matthew v. Smith*, 707 S.W.2d 411, 413 (Mo. banc 1986). A nonuse variance permits deviations from restrictions which relate to a permitted use, rather than limitations on the use itself. Examples of this include height and size of buildings, lot size, and yard requirements. *Id.*

■ To obtain a variance, the applicant must show the board of adjustment that:

(1) relief is necessary because of the unique character of the property rather than for personal considerations; and

(2) applying the strict letter of the ordinance would result in unnecessary hardship; and the

(3) imposition of such a hardship is not necessary for the preservation of the plan; and

(4) granting the variance will result in substantial justice to all.

*Id.* at 415–16.

Although the *Matthew* court set forth these four requirements for a variance, the opinion makes clear that this criteria is for a use variance. For a nonuse (sometimes referred to as area) variance, the applicant must establish "the existence of conditions *slightly* less rigorous than unnecessary hardship." *Id.* at 416 (emphasis original). Those conditions must meet a standard of practical difficulties. *Id.*; *see also Karelitz v. Soraghan*, 851 S.W.2d 85, 90 (Mo.App. E.D.1993).

■ In deciding if there are practical difficulties, "at the very least, a person seeking a non-use variance must demonstrate that, as a practical matter, the property cannot be used for a permitted use without coming into conflict with the restrictions contained in the ordinances." *Karelitz*, 851 S.W.2d at 90. Generally, whether practical difficulties exist is a factual matter for the board's determination and is reversible only for an abuse of discretion. *Id.*

### A. Lot Size and Lot Width

■ As previously stated, the zoning ordinance requires a lot size of 9000 square feet and a minimum lot width at the building line of 75 feet. The lot at 801 Clark contains only 7500 square feet and is only 50 feet wide.

The two variance requests for lot size and width meet the four criteria required under *Matthew*. No building can be built without these two variances. The lot's unique character necessitates the variances.

This lot was laid out and was of record in the county recorder's office before the city adopted its zoning ordinance. Applying the size and width requirements would not only cause practical difficulties, they would completely prevent use of the lot for building purposes.

The adjoining neighborhood is zoned for two-family residences. Other lots on Clark Street and nearby streets do not meet the minimum size and width zoning requirements. The hardship caused by denying these variances is not necessary to preserve any plan. Further, granting these variances would result in substantial justice for all. The Board abused its discretion in denying these two variances.

### B. Front-yard Setbacks

▪ The other two variance requests concerned front-yard setbacks. The zoning ordinance requires a 25 foot setback. Housing Authority sought variances for 10 foot setbacks on both Clark and Eighth Streets.

Housing Authority presented evidence that relief was "necessary because of the unique character of the property." *Matthew,* 707 S.W.2d at 415–16. St. Charles' city development director stated in his staff report that "no building can be built on the property without variances from ... the minimum front yard setbacks."

Moreover, other homes in the area have similar setbacks to those requested by Housing Authority. The setbacks on Clark Street range from 8.6 to 9.85 feet. The immediately adjacent house on Eighth Street has a setback of 9.9 feet. Therefore, the hardship in denying these variances is not necessary to preserve any plan. Lastly, granting the variance will result in substantial justice for all.

The Board abused its discretion in denying these two variances. The trial court's judgment is affirmed.

CRAHAN, P.J., and HOFF, J., concur.