**STATE of Missouri, ex rel., Robert Lane SANDER, et al., Plaintiffs/Respondents,**

v.

**The BOARD OF ADJUSTMENT OF THE CITY OF CREVE COEUR, Missouri, Defendant/Appellant.**

No. ED 78934.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 25, 2001.

 

Husch & Eppenberger, LLC: Albert A. Michenfelder, Jr., Clayton, MO, attorney for Robert L. Saner et al.

W. Dudley McCarter; Behr, McCarter & Potter, P.C., Clayton, MO, attorney for Board of Adjustment.

MARY K. HOFF, Justice.

The Board of Adjustment of the City of Creve Coeur (Board) appeals from the circuit court's judgment and order (judgment) reversing Board's denial of a variance from a zoning ordinance setback requirement for property owned by Robert L. Sander, Connie Sander, Frocena M. Coukoulis, the Donald R. Stelling Revocable Living Trust, and Joann Scholl (Property Owners). We reverse the circuit court's judgment and remand to the circuit court for entry of a judgment affirming Board's decision denying the variance request.[1]

Property Owners own lots in the CB, Core Business District of the City of Creve Coeur (City) near and along North New Ballas Road, and had entered into contracts for the sale of those lots for the development of a commercial office building. The proposed buyer sought a variance from a setback requirement in a City Zoning Ordinance providing that, for property in the CB, Core Business District, "[a] minimum of 50% of the building elevation parallel to the street right-of-way must be located fifteen (15) feet from the right-of-way." Section 2 of City's Ordinance 2030 amending Section 26–43.5(d)1 of City's Zoning Ordinance, effective November 9, 1999. Specifically, the proposed buyer requested approval of a 234 foot variance from the 15 foot maximum setback requirement, so that the building elevation parallel to North New Ballas Road would be 249 feet, rather than 15 feet, from the North New Ballas Road right-of-way.

Board conducted a hearing on the variance request. City's Planning Director presented City's position that the variance request did not satisfy the relevant factors in City's Zoning Ordinance and should be denied. City's Community Development Director also made a presentation regarding the purpose and intent of Ordinance 2030 and its amendments of City's Zoning Ordinance, including the setback requirement in City's CB, Core Business District which was the subject of the variance request. Additionally, City's Planning Director introduced a copy of City's Zoning Ordinance, City's Code of Ordinances, City's Ordinance 2030, and the staff files pertaining to this variance application and Ordinance 2030. An architect for the proposed buyer made a presentation in favor of the variance request and in particular about how the request satisfied the pertinent factors set forth in City's Zoning Ordinance. Board also heard from one of the Property Owners, the Vice President of the proposed buyer, and three individuals who owned various pieces of property on North New Ballas Road adjacent to and near the property subject to the variance request. The transcript reflects no objection to any of the testimony and evidence introduced during Board's hearing. After considering the presentations and asking questions, Board members voted three-to-

---

1. Board's Motion to Strike Portions of Property Owners' brief is denied.

two to approve the variance request, which is deemed a denial of the variance request due to the absence of the minimum of four votes of approval required by Section 89.090.2 RSMo Cum.Supp.1999.

Property Owners filed a petition for writ of certiorari in the circuit court. The circuit court reversed Board's denial and directed Board to enter an order granting the variance request. This appeal followed.

By their two points, Property Owners contend Board erred because competent and substantial evidence did not support the denial of the requested variance under Section 26–118.4 of City's Zoning Ordinance and because Board ignored the requirements for area variances set forth in Section 26–118.5 of City's Zoning Ordinance. Additionally, in their two points, Property Owners urge there is substantial and competent evidence in the record to support the granting of the requested variance under Sections 26–118.4 and 26–118.5 of City's Zoning Ordinance.

■■■ For this appeal, we review Board's findings and conclusions, instead of those issued by the circuit court. *State ex rel. Teefey v. Board of Zoning Adjustment of Kansas City, Missouri*, 24 S.W.3d 681, 684 (Mo. banc 2000); *Housing Auth. of St. Charles, Missouri v. Board of Adjustment of St. Charles, Missouri*, 941 S.W.2d 725, 726 (Mo.App. E.D.1997). We are limited to determining whether Board's decision is supported by competent and substantial evidence on the whole record or is "arbitrary, capricious, unreasonable, unlawful, or in excess of its jurisdiction." *State ex rel. Teefey*, 24 S.W.3d at 684 (internal quotation marks omitted) (quoting *Hutchens v. St. Louis County*, 848 S.W.2d 616, 617 (Mo.App. E.D.1993)). In this case, we will discuss only the evidentiary basis of Board's decision because that is the focus of both points raised by Property Owners. In ascertaining whether substantial evidence exists to support Board's decision, we view the evidence, and reasonable inferences from the evidence, in the light most favorable to Board's decision. *Id; Behrens v. Ebenrech*, 784 S.W.2d 827, 828 (Mo.App. E.D. 1990). Importantly, Board may consider the hearsay testimony of city staff members and city staff reports received without objection. *Housing Auth. of St. Charles, Missouri*, 941 S.W.2d at 726–27.

■■■ In their first point, Property Owners urge there was no substantial and competent evidence to support denial of the variance request under City Zoning Ordinance Section 26.118.4. That Section provides:

The Board of Adjustment shall not grant a variance as authorized herein unless it shall, in each case, make specific written findings of fact directly based upon the particular evidence presented to it that support all of the following conclusions:

(a) The variance requested arises from a condition which is unique to the property in question and which is not ordinarily found in the same zoning district;

(b) The variance requested is because of a unique hardship not created by the applicant nor owner of the property;

(c) The granting of the variance shall not adversely affect adjacent property owners or residents;

(d) The strict application of the provisions of this Chapter from which a variance is requested, will cause severe practical difficulty or extreme hardship for the property owner represented in the application;

(e) The variance desired will not adversely affect the public health, safety, order, convenience, or general welfare of the community; and

(f) Granting the variance desired will not violate the general spirit and intent of this Chapter.

By its clear language, this section does not permit Board to grant a variance unless Board finds support for each of six specified factors.

Having viewed the evidence in a light most favorable to Board's decision, we conclude the Board could properly decide one or more of these six ordinance factors were not supported. For instance, to approve a variance request the first factor requires that the requested variance arise from a condition unique to the property and not "ordinarily found in the same zoning district." City Zoning Ordinance Section 26.118.4(a). City's staff report clearly states that the property subject to the variance request was "not unique [relative] to other properties located within the CB, Core Business District" and "[n]o outstanding site characteristics appear on the site that prevent the site being developed in accordance with the required building setbacks."

Additionally, to support the approval of a variance request, the sixth factor requires Board to find that "[g]ranting the variance desired will not violate the general spirit and intent" of City's Zoning Ordinance. City Zoning Ordinance Section 26.118.4(f). The staff report noted that, before Ordinance 2030's amendment of the setback requirement, buildings were located to the rear of the properties and parking lots were placed in front of the buildings. The staff report stated City's intent in changing the setback requirement of the CB, Core Business District was

to encourage building placement adjacent to the street right-of-way, to provide clear rights of way[;] ... to provide adequate light, air, and open space in conformity with buildings now in existence, ... to ... foster design devel-

opment to be equally oriented to the pedestrian[,] and to establish a unified urban streetscape enclosure."

With respect to the 234 foot variance request at issue here, the staff report concluded it "grossly breeches the spirit and intent of Ordinance 2030 and therefore [should] not be granted." During Board's hearing, City's presentation reiterated this position.

The analysis in the staff report, as further supported by City's presentation during Board's hearing, is substantial and competent evidence supporting Board's determination that at least the first and sixth factors of City Zoning Ordinance Section 26.118.4 are not satisfied. *See Housing Auth. of St. Charles, Missouri,* 941 S.W.2d at 727. Therefore, Board properly denied the requested variance.

■ Because we find substantial and competent evidence supports Board's findings, we do not consider whether, as Property Owners urge, other evidence supports a contrary determination. If substantial competent evidence supports the Board's findings, we may not substitute our discretion for Board's discretion in making its findings, even if different fact-findings are permissible. *See Ogawa v. City of Des Peres,* 745 S.W.2d 238, 243 (Mo.App. E.D. 1987). Point one is denied.

By their second point, Property Owners challenge Board's decision as ignoring City Zoning Ordinance Section 26.118.5. That Section provides:

In addition to the criteria listed in Section 26–118.4, an applicant for an area variance or a variance to any regulation contained in the Zoning Ordinance, except for regulations dealing with the use of land which are included in Section 26–118.6 [pertaining to Use Variances which are not the subject of the variance re-

quest here], must meet the following criteria:

(a) By reason of exceptional narrowness, shallowness or shape of the specific piece of property, or where by reason of exceptional topographical conditions or other extraordinary or exceptional circumstances that the strict application of the terms of the zoning regulations actually create a hardship to the property in a manner dissimilar to that of other similarly situated property in the zoning district in which it is located.

(b) Granting the variance would not result in the diversion of additional stormwater that would adversely affect adjacent property.

The introductory language to this section clearly and unambiguously states that the factors set forth in the section must be satisfied "[i]n addition to the criteria listed in Section 26.118.4." Because substantial and competent evidence supports Board's denial of the variance request for failure to satisfy each of the factors in City Zoning Ordinance Section 26.118.4, we need not consider Board's decision with respect to City Zoning Ordinance Section 26.118.5. Point two is denied.

We reverse the circuit court's judgment and remand to the circuit court for entry of a judgment affirming Board's decision denying the variance request.

GEORGE W. DRAPER III, Presiding Judge and MARY R. RUSSELL, J.: Concur.