STATE of Missouri, ex rel, CHARLES F. VATTEROTT CONSTRUCTION COMPANY, INC., Respondent,

v.

Samuel J. RAULS, Edward L. Kemp, And Patrick J. Lamping, Jefferson County Commissioners, Appellants.

No. ED 83197.

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 16, 2005.

Dennis J. Kehm, Jr., Hillsboro, MO, for Appellant.

Dennis H. Tesreau, Hillsboro, MO, for Respondent.

GEORGE W. DRAPER III, Judge.

This appeal centers upon the development of a portion of property located in Jefferson County (hereinafter, "the Property"). Charles F. Vatterott Construction Company, Inc. (hereinafter, "Developer") sought three variances from the subdivision regulations of Jefferson County, modifying the previously filed development plat. Developer raises one point on appeal, claiming Jefferson County Commission (hereinafter, "the Commission") abused its discretion in denying its request for three variances. Developer believes this Court should agree with the trial court and grant the variances. We affirm the denial of the variances, and accordingly reverse the judgment of the trial court.

The Property at issue is approximately 76.56 acres in size and is located in a residentially zoned district. It is bounded by two developed residential estates, a State park, and a recreational facility. The Property maintains one single point of ingress and egress through one of its adjacent residential developments. The Property was platted on January 5, 1998, prior to the adoption of subdivision regulations by Jefferson County. Developer sought approval of a preliminary plat which would divide the Property into 111 lots. In order to accomplish this development, Developer sought three variances of the subdivision regulations, adopted February 25, 1988. Developer requested variances from: (1) providing at least two points of ingress and egress; (2) minimum easement rights regarding the width of access and additional easements for utilities and drainage; and (3) improvements to the easements.

The Planning and Zoning Commission heard Developer's proposal on February 14, 2002, and it was denied. Developer appealed, and a hearing was held before the Commission. The Commission affirmed the decision of the Planning and Zoning Commission on June 11, 2002. Developer filed a writ of certiorari with the trial court. On June 9, 2003, the trial court reversed the Commission and entered its judgment directing the variances be granted. This appeal follows.

Developer raises one point on appeal, claiming the Commission abused its discretion in denying its request for three variances. Developer believes it established that practical difficulties existed in meeting the Jefferson County standards due to the topographic conditions and developments surrounding the Property. Developer also contends developing the Property as platted and without the variance

would undermine the intent of the Jefferson County subdivision regulations because that plan would be detrimental to the public welfare and would damage other property in the area. Developer notes it is undisputed the recorded plat could be developed without the grant of any variances.

■■■ This Court reviews the decision of the agency rather than the judgment of the trial court. Rule 84.05(e); *State ex rel. Columbus Park Community Council v. Bd. of Zoning Adj. of Kansas City,* 864 S.W.2d 437, 440 (Mo.App. W.D.1993). Hence, Developer filed and acts as the appellant in this case. Our review is limited to a determination of "whether the [agency's] action is supported by competent and substantial evidence upon the whole record or whether it is arbitrary, capricious, unreasonable, unlawful, or in excess of its jurisdiction." *State ex rel. Teefey v. Bd. of Zoning Adj. of Kansas City,* 24 S.W.3d· 681, 684 (Mo. banc 2000)(*citing Hutchens v. St. Louis County,* 848 S.W.2d 616, 617 (Mo.App. E.D.1993)). To determine whether substantial evidence exists, we view the evidence, and all reasonable inferences, in the light most favorable to the agency's decision. *State ex rel. Sander v. Bd. of Adj. of the City of Creve Coeur,* 60 S.W.3d 14, 16 (Mo.App. E.D. 2001).

■■■ "The general rule is that the authority to grant a variance should be exercised sparingly and only under exceptional circumstances." *Matthew v. Smith,* 707 S.W.2d 411, 414 (Mo. banc 1986). Article VI, Section 6.3 of the subdivision regulations of Jefferson County states:

Whenever the tract to be subdivided/developed is of such unusual size or shape or is surrounded by such development, or contains such topographic conditions or characteristics, that the strict application of the requirements contained herein could impose practical difficulties or particular hardship, the Planning and Zoning Commission may vary or modify any of the requirements of these regulations so that substantial justice may be done, the public interest secured and the general intent of these regulations preserved. . . . The variance shall not be granted unless the Planning and Zoning Commission finds that the variance will not be detrimental to the public welfare or damaging to other property in the area in which the property for which the variance is requested is situated.

■■■ Missouri recognizes two types of variances: a use variance and a non-use variance. A use variance permits a use other than one which is permitted by zoning ordinances. *Wolfner v. Bd. of Adj. City· of Warson Woods,* 114 S.W.3d 298, 303 (Mo.App. E.D.2003). In contrast, a non-use variance allows "deviations from restrictions which relate to a permitted use, rather than limitations on the use itself." *Id.* (*citing Housing Authority of the City of St. Charles, Mo. v. Bd. of Adj. of the City of St. Charles, Mo.,* 941 S.W.2d 725, 727 (Mo.App. E.D.1997)). Examples of a non-use variance would be deviations from "height and size of buildings, lot size, and yard requirements." *Wolfner,* 114 S.W.3d at 303.

■■■ To obtain a non-use variance, Developer must establish practical difficulties exist in which the Property cannot be used for a permitted use without being in conflict with existing regulations. *Housing Authority of the City of St. Charles,* 941 S.W.2d at 727. "Practical difficulties" refer to conditions of the land, not conditions personal to the landowner. *Cousin's Advertising, Inc. v. Bd. of Zoning Adj. of Kansas City,* 78 S.W.3d 774, 783. In determining whether there are practical difficulties which justify the granting of a non-

use variance, relevant factors to consider include:

> (1) how substantial the variation is in relation to the requirement, (2) the effect, if the variance is allowed, of the increased population density thus produced on available governmental facilities (fire, water, garbage, and the like), (3) whether a substantial change will be produced in the character of the neighborhood or a substantial detriment to adjoining properties created, (4) whether the difficulty can be obviated by some method, feasible for the applicant to pursue, other than a variance, and (5) whether in view of the manner in which the difficulty arose and considering all of the above factors the interests of justice will be served by allowing the variance.

*Id.* (*citing Hutchens,* 848 S.W.2d at 619). The determination of whether practical difficulties exist is a factual matter which only is reversible for an abuse of discretion. *Housing Authority of the City of St. Charles,* 941 S.W.2d at 727.

Developer's comparison of its proposed plat to a development plan recorded before the adoption of subdivision regulations by Jefferson County is inapposite. Regardless of how the pre-recorded development would impact the surrounding community, the Commission has no authority to make any changes.

However, the Commission does have the authority to approve any modification of a development plan submitted after the passage of Jefferson County subdivision regulations and rule on any proposed changes. Determination of whether an area warrants a non-use variance due to a "practical difficulty" is a matter of discretion, and the decision will be reversed only for an abuse of discretion. *State ex rel. Branum v. Bd. of Zoning Adj. of City of Kansas City, Mo.,* 85 S.W.3d 35, 39 (Mo.App. W.D.2002). The Commission

need not grant a variance just because it changes the character of an existing problem. At issue in this case is the subdivision regulation Article V, Section 5.5A which governs the number of ingress and egress points for a subdivision, stating, "All subdivisions of one hundred (100) lots or more shall provide at least two (2) points of ingress and egress. The calculation of lots shall include all existing and proposed lots served by the existing and proposed access."

At its hearing, the Commission received evidence the Property is not of a peculiar size or shape which would preclude the creation of a second point of ingress and egress. There were statements the Property is not surrounded completely by development which would prevent the creation of a second ingress and egress point. Developer presented testimony that it attempted to obtain easements from pre-existing property owners to widen the necessary roads and to create a second point of ingress and egress. Yet, equally, the Commission heard evidence stating, Developer failed to contact or follow-up with some landowners regarding obtaining an easement and there were alternative areas of ingress and egress which Developer did not explore. Additionally, the Commission heard evidence that it could be possible for Developer to use some existing easements to make necessary improvements to the roads without granting a variance. Finally, there was evidence that there are no unusual topographic conditions located on the Property differing from the characteristics of the surrounding land.

Based upon hearing all of this evidence, the Commission found the factors justifying granting a non-use variance were not met. Since this Court views the evidence and all reasonable inferences in the light most favorable to the Commission's decision, there was sufficient evi-

dence in the record to support the decision to deny the variances. *Sander*, 60 S.W.3d at 16.

The Commission specifically concluded Developer's need for the variances was not due to a condition of the land itself, but due to Developer's financial considerations. The Commission is not bound to grant a variance which it believes would benefit Developer financially but would also lead to the detriment of the surrounding existing communities. The Commission found without developing the Property according to the regulated ordinances, the streets are not suitable for the increased traffic level. Developer failed to contradict traffic flow evidence during the hearing. Further, the Commission found the creation of such a large subdivision would increase the population density, thereby having a detrimental impact on the public welfare by restricting existing developments' access to emergency vehicles.

The Commission also found that compliance with the subdivision regulations is entirely within Developer's control. It is uncontested Developer's difficulties may be obviated without the grant of the variances; Developer may develop the subdivision as currently platted, reduce the number of homes, or reconfigure the subdivision to allow for two points of ingress and egress to comply with the existing ordinances.

The Commission found Developer did not prove there were existing practical difficulties which would prevent Developer from using the land for a permitted use. Additionally, the Commission found the creation of such a large subdivision would impact detrimentally the welfare of the surrounding existing communities. The Commission's ruling is neither arbitrary nor capricious. In this instance, it was not error for the Commission, sitting as a fact finding body, to deny the variances to Developer.

The ruling of the Commission is affirmed and the judgment of the trial court is reversed.

SHERRI B. SULLIVAN, C.J., and BOOKER T. SHAW, J., concur.