James BROWN and Vonda
Brown, Respondents,

v.

CITY OF MAPLEWOOD,
Missouri, Appellant.

No. ED 96548.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 20, 2011.

Michael A. Clithero, St. Louis, MO, for Appellant.

Robert E. Jones, Clayton, MO, for Respondent.

ROBERT M. CLAYTON III, Judge.

The City of Maplewood ("Maplewood") and the Maplewood Board of Zoning Adjustment ("the Board") appeal the trial court's judgment reversing the Board's denial of a non-use variance to James and Vonda Brown ("the Browns"). We review the decision of the Board on appeal. We reverse the judgment of the trial court, and we remand the cause to the trial court for entry of judgment affirming the Board's decision.

## I. BACKGROUND

The Browns own residential property on Comfort Avenue in Maplewood, which includes an existing detached two-car garage built on the east property line. The Browns wanted to build a carport onto the garage. The initial plans raised the roof on the existing garage and modified the roofline to extend the carport to the west side of the garage by twenty feet. This would have extended the garage to within eleven and a half feet from the west side property line. Pursuant to Section 903.01(3)(c) of the Maplewood Code, the combined side-yard setback for an existing structure must be a minimum of fifteen feet, with a minimum of a five foot setback for any individual side-yard. The Browns' plans were not in compliance with Maplewood zoning regulations, and therefore, the Browns applied for a non-use variance [1] from the regulations to build the carport extension.

Initially, the Maplewood Design and Review Board reviewed the Browns' request for a non-use variance. The Design and Review Board denied the Browns' request,

---

1. A use variance permits a use other than one allowed by applicable zoning ordinances. *Baumer v. City of Jennings,* 247 S.W.3d 105, 112 (Mo.App. E.D.2008). In contrast, a non-use variance authorizes deviation from restrictions relating to a permitted use, rather than limitations on the use itself. *Id.*

and the matter was subsequently heard by the Maplewood Board of Zoning Adjustment. At the hearing, the Browns presented testimony from their son, Mike Brown. He provided details of the project and reasons supporting his parents' request for the non-use variance. According to Mike Brown, his parents wanted to build the carport extension so they would have additional covered parking spaces on their property. Mrs. Brown also gave limited testimony before the Board regarding her disability, which required her to use a walker. She testified parking spaces were not always available in front of her home, and she wanted to have covered parking on her property to accommodate her disability.

The Board issued its findings of fact, conclusions of law, and decision, denying the Browns' request for a non-use variance to accommodate the carport extension. The Board found that after expansion, the combined side-yard setback would only be eleven and a half feet rather than the required fifteen feet. The Board concluded:

a. The variances requested arise from a condition which is not unique to the property in question, and which is ordinarily found in the same zoning district, and has been created by an action or actions of the property owners or the Petitioners.

b. The granting of the variances will adversely affect the rights of adjacent property owners or residents.

c. The strict application of the provisions of the Zoning Ordinance from which the variances are requested will not constitute unnecessary hardship upon the property owner represented in the application.

d. The variances designed will adversely affect the public health, safety,

order, convenience or general welfare of the community.

e. Granting the variances desired will violate the general spirit and intent of the Zoning Ordinance.

The Browns filed a petition for administrative review, and the trial court reversed the decision of the Board. The court found that "the decision of the Maplewood Board of Adjustment to deny [the Browns'] request for a variance to construct a carport to be attached to the detached garage on their property in order to accommodate Vonda Brown's disability . . . is unreasonable and an abuse of discretion and against the weight of the evidence." Maplewood and the Board now appeal.

## II. DISCUSSION

### A. Standard of Review

■ On appeal, we review the findings and conclusions of the Board, not the trial court's judgment. *Baumer*, 247 S.W.3d at 111. Our Court must determine whether the Board's decision was supported by competent and substantial evidence in the record as a whole or whether the Board's decision was arbitrary, capricious, unreasonable, unlawful, or in excess of its jurisdiction. *Id.* We view the evidence and reasonable inference therefrom in the light most favorable to the Board's decision. *Id.* If the result reached by the Board could have reasonably been reached, we will not disturb the decision absent a finding it was clearly contrary to the overwhelming weight of the evidence. *Wolfner v. Board of Adjustment of the City of Warson Woods*, 114 S.W.3d 298, 301 (Mo.App. E.D.2003). We cannot substitute our judgment for that of the Board. *Id.*

In light of our standard of review, we must note that in the present case, pursu-

ant to Rule 84.05(e),[2] Maplewood and the Board timely filed their notice of appeal and record on appeal as the parties aggrieved by the trial court's decision. However, Rule 84.05(e) further states that Maplewood and the Board must file "a notice designating the party that is aggrieved by the agency decision. The party aggrieved by the agency decision shall file the appellant's brief and reply brief, if any, and serve them within the time otherwise required for the appellant to serve briefs." Eastern District Special Rule 355 also requires Maplewood and the Board to "file a statement that respondent shall file the first brief in accordance with Rule 84.05(e)." Pursuant to Rule 84.05(e), if the party aggrieved by the agency fails to file the first brief, the appeal is subject to dismissal as allowed by Rule 84.08(b).[3]

In the present case, Maplewood and the Board failed to file any designation or notice pursuant to Rule 84.05(e) or Rule 355. However, the Browns did not raise any objection to Maplewood and the Board's briefing of the issues and did not bring the issue to this Court's attention at any time. Instead, the Browns responded to the points on appeal raised by Maplewood and the Board. In the argument section of their brief, the Browns claim that based upon the record as a whole, the Board abused its discretion in denying their requested variance. In addition, the Browns claim the decision of the Board was against the weight of the evidence because the record supports a conclusion that practical difficulties unusual or peculiar to the property exist with strict enforcement of the zoning ordinance. Because we can discern the Browns' claims from the argument portion of their brief,

we review the decision of the Board in light of their claims of error. *See City of Bridgeton v. Titlemax of Missouri*, 292 S.W.3d 530, 535 (Mo.App. E.D.2009).

## B. The Board's Decision

■ As discussed above, the Browns claim the Board abused its discretion and the decision was against the weight of the evidence because the Browns demonstrated practical difficulties existed which were unusual or peculiar to their property.

As previously noted, Section 903.01(3)(c) of the Maplewood Code provides that on a lot with a single-family detached dwelling, the combined side-yard setback for any alteration to an existing structure must be a minimum of fifteen feet, with a minimum of a five foot setback for any individual side-yard. Here, the Browns' existing garage was built approximately 100 years earlier, prior to the enactment of Section 903.01(3)(c). Therefore, it is considered to be a legal, non-conforming structure and is allowed to remain on the property. However, pursuant to Section 906.02(2) of the Maplewood Code, any modification to that structure would cause it to lose its legal, non-conforming status, and it would be subject to the zoning ordinances. The Browns' proposed carport extension would extend the current garage to within eleven and a half feet of the west property line. Because the Browns' garage was built on the east property line with a zero side-yard setback, the extension would violate the code provisions. Thus, the Browns sought a non-use variance based upon the limitations in Section 903.01(3)(c) and 906.02(2).

---

**2.** All references to Rules are to Missouri Supreme Court Rules (2011).

**3.** Rule 84.08 sets forth the procedure for dismissal of appeals generally, and subsection

(b) specifically addresses dismissal of appeals in which the party aggrieved by the agency decision fails to file the first brief.

The Board derives its authority to hear and decide matters referred to it from Section 905.07 of the Maplewood Code. Under Section 905.09, this includes the authority to grant a non-use variance. Pursuant to Section 905.09, the Board may grant variances "where there are practical difficulties or unnecessary hardship in the carrying out of the strict letter of this chapter." Under Section 905.09(4)(a), the variance requested must arise from "a condition which is unique to the property in question and which is not ordinarily found in the same zoning district, and is not created by the action or actions of the property owner or the applicant."

■ Similarly, Missouri law provides that in order to obtain a non-use variance, the Browns must show practical difficulties preventing them from using their property for a permitted use without conflicting with existing regulations. *State ex rel. Charles F. Vatterott Constr. Co., Inc. v. Rauls*, 170 S.W.3d 47, 50 (Mo.App. E.D. 2005). The practical difficulties affecting the use of the land must be conditions related to the land itself, not conditions personal to the property owners. *Id.* In addition, the practical difficulty relied upon as grounds for a variance must be unusual or peculiar to the property involved, and must be different from those suffered throughout the zone or neighborhood. *Ogawa v. City of Des Peres*, 745 S.W.2d 238, 242–43 (Mo.App. E.D.1987).

■ Although the term "practical difficulties" has not been specifically defined, certain factors are used to determine whether practical difficulties exist to justify the grant of a non-use variance. These include: (1) how substantial the variation is in relation to the requirement; (2) the effect, if the variance is granted, of any resulting increased population density on available government facilities, such as water supply; (3) whether a substantial change will be produced in the neighborhood's character or a substantial detriment will be created to the adjoining properties; (4) whether the difficulty can be obviated by some feasible method other than a variance, and (5) whether in view of the manner in which the difficulty arose and considering all of the above factors, the interests of justice would be served by allowing the variance. *Verna Properties, LLC v. Board of Adjustment of City of Maryland Heights*, 188 S.W.3d 50, 53 (Mo. App. E.D.2006).

■ The Browns carry the burden of demonstrating to the Board that practical difficulties exist to warrant the requested variance. *Baumer*, 247 S.W.3d at 113. Whether practical difficulties exist is a factual question, which we review for abuse of discretion. *Verna Properties, LLC*, 188 S.W.3d at 53.

Based upon the record before us, we cannot conclude the Board abused its discretion in determining the Browns failed to meet their burden of showing practical difficulties existed to warrant the variance. Mike Brown did testify that based upon the position of the original garage, the Browns had to seek a variance to build the proposed carport. However, there was no additional evidence concerning whether this condition of the property was unique or peculiar to the Browns' property. In addition, although the Browns argue on appeal that the detached garage built on the property line constituted a unique or peculiar condition of their property that would warrant granting a variance, the evidence presented to the Board focused on the personal circumstances of the Browns rather than the condition of the property. During the hearing before the Board, the Browns' son, Mike Brown, testified the Browns wanted to build the carport extension to provide two additional covered parking spaces because they could

not park in their current detached garage. According to Mike Brown, the detached garage contained "forty-five years of stuff," and there was "no way a car [could] park in there right now." One of the Board members asked why the Browns sought the variance, and Mike Brown stated it was because the Browns could not get their vehicles into the current garage and that was what they wanted. Mrs. Brown also testified that she wanted to have covered parking on her property to accommodate her disability because parking was not always available in front of her home.

In addition, Mike Brown testified he spoke with all the neighbors, and they did not have a problem with the proposed carport extension. He further stated, "I mean, if they did, I think that they would be here." However, the evidence showed the roofline of the addition would be visible to the adjoining property owners. There was no additional evidence concerning the impact of the proposed carport extension upon the adjoining properties. Instead, there was evidence that the proposed extension was substantial in size and, when combined with the existing garage, would have roughly equaled the total square footage of the house, the principal structure on the property. The record reflects the Board's concerns regarding the size of the proposed addition based upon Maplewood Code Section 904.03(2), which requires the completed structure to be subordinate in area to the principal building.

There was also evidence of suggested revisions to the plans, as well as alternatives for more parking without requiring a variance. In a letter to the Browns from City Manager Martin Corcoran, he noted the Browns showed "very little interest" in "working out a compromise" with either the Design and Review Board or the Board. Corcoran noted it was his "understanding that Board members felt there was a way this project could be redesigned to meet everyone's needs but you left before there could be any further discussion on the matter."

While we are not unsympathetic to Mrs. Brown and the personal difficulties she faces with respect to parking on her property to accommodate her disability, we are confined by our standard of review. Based upon the evidence in the record before us, we cannot conclude that the Board abused its discretion in denying the Browns' request for a variance. There may be additional evidence of the unique character of the property itself, rather than the Browns' personal circumstances that would warrant the granting of a variance. There may also be evidence regarding the effect, if any, of the proposed carport expansion upon the character of the neighborhood and the adjoining properties. This evidence could be presented to the Board to support the granting of a variance. However, such evidence is not present in the record before us. As a result, the Board's decision to deny the Browns a variance was not an abuse of discretion and was not against the weight of the evidence.

## C. Mrs. Brown's Disability

Maplewood and the Board present a second point on appeal, claiming the trial court erred in finding that Mrs. Brown's disability supported reversal of the Board's decision. In light of our determination that the Board did not abuse its discretion in denying the Browns a variance, as well as our discussion of the briefing issues in the present appeal, we need not consider this claim of error.

## III. CONCLUSION

The judgment of the trial court is reversed, and the cause is remanded to the

trial court with instructions to enter judgment affirming the Board's decision.

PATRICIA L. COHEN, P.J. and GEORGE W. DRAPER III, Special Judge, concur.

